■ In the Matter of MARYLINN WESTON, Appellant, v BOARD OF EDUCATION OF THE BINGHAMTON CITY SCHOOL DISTRICT, Respondent. [666 NYS2d 747] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered February 18, 1997 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for retroactive membership in the New York State Teachers' Retirement System.

From 1966 to 1969 petitioner taught school in the Madrid Waddington Central School District in St. Lawrence County and, subsequently, in the Vestal School District in Broome County. During that period, she joined the New York State Teachers' Retirement System (hereinafter TRS). In 1969, petitioner resigned her position and withdrew from the TRS. Respondent hired petitioner in the spring of 1974 as a part-time teacher of "English to Speakers of Other Languages" (hereinafter ESL). Petitioner rejoined the TRS effective September 3, 1985 and on November 22, 1985 was appointed by respondent to a full-time probationary position as an ESL teacher.

Subsequent to the enactment of Retirement and Social Security Law § 803 (L 1993, ch 437), petitioner filed an application seeking retroactive membership in the TRS for her 11 years of part-time service with respondent. Respondent initially denied her request in an employer's affidavit (see, Retirement and Social Security Law § 803 [b] [3]) which indicated that the relief was inappropriate. Petitioner sought further review and after a fact-finding hearing, the Hearing Officer determined that petitioner failed to "conclusively demonstrate[ ] that she did not participate in a procedure which a reasonable person would have recognized as affording an opportunity to participate in the [TRS]" (see, Retirement and Social Security Law § 803 [b] [3] [iii]). Therefore, petitioner's claim for retroactive membership was denied. Petitioner, challenging the determination, commenced this CPLR article 78 proceeding and Supreme Court found, inter alia, that respondent's decision was not without a rational basis in the record. The petition was dismissed.

The central issue on this appeal is whether petitioner demonstrated by substantial evidence (see, Retirement and Social Security Law § 803 [b] [3]) that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * her to join [the TRS]" (Retirement and Social Security Law § 803

[b] [3] [iii]). At the outset, we reject petitioner's contention that the Hearing Officer (a non-lawyer) applied an incorrect standard of proof despite his unfortunate use of the word "conclusively". Our review of the record satisfies us that the correct substantial evidence standard was used.

The " 'substantial evidence' " standard of Retirement and Social Security Law § 803 imposes upon petitioner the "burden of going forward" (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677). Petitioner satisfied this burden through testimony which essentially asserted that when she was hired in 1974 she was never informed about her eligibility to join the TRS. Furthermore, she did not decline membership in a written form. In addition, she did not have knowledge of any procedure nor was she provided any documents from which she could determine her eligibility to join the TRS (*see, id.*).

We must now consider whether there was a rational basis for respondent's denial of retroactive membership. Contrary to petitioner's argument, evidence of petitioner's prior experience with the TRS is a relevant and a significant consideration (*see, id.*, at 680). During the hearing, petitioner acknowledged that she was a member of the TRS during the two years she taught full time at the Vestal School District, and, at one point, also acknowledged that contributions or deductions were taken from her salary. At the time petitioner withdrew from the TRS in June 1969, she requested and received the return of her contributions. Furthermore, petitioner conceded that when she was hired by respondent, only five years later, her pay stub contained a notation for a retirement deduction.

Additionally, respondent's internal auditor, Diane Valky, testified that information regarding TRS membership, in the form of booklets and oral instruction by her predecessor, was available at respondent's payroll office to all newly hired employees, including ESL teachers, since at least 1971. Petitioner testified she went to the payroll office on a regular basis. Therefore, she could have taken advantage of the retirement information (*see, id.*, at 679).

Given petitioner's recent prior TRS experience, the combination of the pay stub notation for a retirement deduction and the availability of information about the TRS, we find there was "a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * her to join [the TRS]" (Retirement and Social Security Law § 803 [b] [3] [iii]; *see, Matter of Scanlan v Buffalo Pub. School Sys., supra*). Accordingly, we find that respondent provided a rational basis for denying petitioner's request for retroactive membership.

In light of this conclusion, we need not address the remaining argument advanced by respondent that petitioner's claim was barred by a general release executed by petitioner in 1985 following settlement of an unrelated matter between the parties.

We have considered petitioner's remaining contentions and find them to be unpersuasive.

White, Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.