■ In the Matter of BARBARA A. PLANCK, Appellant, v NISKAYUNA SCHOOL DISTRICT et al., Respondents. [666 NYS2d 740] —White, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered March 28, 1997 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Niskayuna School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

At issue in this appeal is whether respondent's denial of

---

2. Strobel is Anna E. Saxton's daughter and a contingent remainderman.

petitioner's application, pursuant to Retirement and Social Security Law § 803, seeking retroactive membership in respondent New York State Teachers' Retirement System (hereinafter the TRS) was arbitrary and capricious. We agree with Supreme Court that it was not and, accordingly, affirm.

From 1962 until December 1966, petitioner was employed as a full-time teacher and was a member of the TRS. On February 2, 1967, she withdrew her contributions from the TRS by completing an application containing a statement that "[i]f a teacher whose membership has ceased later resumes teaching in New York State public schools he must join the Retirement System as a new entrant". In 1970, petitioner completed an application for employment with respondent Niskayuna School District as a substitute teacher. The application contained a payroll form which asked, among other things, whether petitioner was a member of the TRS, to which she answered "no". In 1974, the District appointed petitioner to a full-time teaching position which she held until June 1992.

Following the enactment of Retirement and Social Security Law § 803, petitioner filed an application for retroactive membership in the TRS for school years 1971-1972, 1972-1973 and 1973-1974. Ultimately, the District denied the application on the ground that petitioner had participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join the TRS (see, Retirement and Social Security Law § 803 [b] [3] [iii]). The District grounded its denial on the fact that petitioner had been a member of the TRS and had withdrawn her contributions, signing the application containing the language quoted above. It also cited the fact that petitioner had completed a payroll information form in December 1970 wherein she was asked if she was a member of the TRS. In our view, these circumstances provide a rational basis for the District's determination (see, Matter of Clark v Board of Educ., 90 NY2d 662).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.