■ In the Matter of BARBARA H. SADOFF, Appellant, v ITHACA CITY SCHOOL DISTRICT, Respondent. [668 NYS2d 82] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered July 26, 1996 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for retroactive membership in the New York State Teachers' Retirement System.

Teachers who satisfy the "continuous service" requirement of Retirement and Social Security Law § 803 (b) (2) (L 1993, ch 437) and file a timely written request seeking retroactive membership in the New York State Teachers' Retirement System (hereinafter TRS; *see*, Retirement and Social Security Law § 803 [b] [1]) are entitled to such relief provided they did not (1) file a written declination of membership with their employer, (2) participate in a procedure where the option to join the TRS was explained in written material which can be produced and there is documentation or a notation to the effect that he or she so participated, or (3) participate in a procedure that a reasonable person would have recognized as an explanation or request to join the TRS (*see*, Retirement and Social Security Law § 803 [b] [3]).

From 1958 through 1964, petitioner was employed by respondent as a full-time teacher and was enrolled in the TRS (*see*, Education Law § 503 [1] [b]). Petitioner left respondent's employ to work at a university but returned for the 1972-1973 school year as a substitute teacher. Petitioner worked 36 full days and seven half-days prior to July 1, 1973 (the cut-off date for tier 1 eligibility [*see*, Retirement and Social Security Law § 440]). Since the 1973-1974 school year, petitioner has been employed in various teaching capacities and rejoined the TRS at the beginning of the 1974-1975 school year. In August 1994, petitioner submitted a claim to respondent seeking retroactive membership in the TRS to September 1972. Respondent initially denied her claim. At petitioner's request, a further administrative review was conducted. In a letter dated November 17, 1995, the Hearing Officer concluded that

petitioner had not "provided substantive information to establish that the District failed to offer [her] an opportunity to join the [TRS]" and again denied her claim.* Petitioner thereafter commenced this CPLR article 78 proceeding challenging respondent's determination. Supreme Court concluded that the determination was neither arbitrary nor capricious and dismissed the petition. Petitioner appeals.

At issue is whether petitioner proved by "substantial evidence" (Retirement and Social Security Law § 803 [b] [3]) that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by [her] to join [the TRS]" (Retirement and Social Security Law § 803 [b] [3] [iii]). Initially, we note that petitioner's assertion that she did not participate in such a procedure met her "burden of going forward" and, therefore, satisfied the "substantial evidence" standard of Retirement and Social Security Law § 803 (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677). Next, we must determine whether there was a rational basis for respondent's denial of retroactive membership. In doing so, we are reminded of the long-settled rule "that judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination" (*Matter of Scanlan v Buffalo Pub. School Sys., supra,* at 678). Thus, in evaluating the rationality of respondent's determination (*see, id.*), we may only consider those grounds set forth in the Hearing Officer's denial letter and, therefore, we may not consider the additional affidavits and exhibits respondent submitted to Supreme Court.

Turning to the Hearing Officer's determination, he found that petitioner "had been a member of the Retirement System from 1958-64 and, as such, knew or should have known that there was a teacher's retirement system that [she was] eligible to join", and that she "acknowledged that [she was] aware of and receiv[ed] retirement information from the Retirement System during this time, as well as subsequent to this time". The Hearing Officer also found that petitioner "[knew] of and participat[ed] in a procedure a reasonable person would recognize as an opportunity to join the system". In our view, the latter two findings are too vague to create a rational basis for denial (*see, Matter of Scanlon v Buffalo Pub. School Sys., supra,* at 678). Contrary to respondent's claim, these conclusory findings do not make sufficient factual reference to the retirement

---

* Although the Hearing Officer also determined that petitioner did not satisfy the "continuous service" requirement, respondent has since abandoned this argument as a reasonable basis for its determination.

information provided, the dates when it was provided, nor the procedure in place for informing teachers of the TRS membership options during the early 1970s. Thus, respondent is left with a single ground on which to base the denial: petitioner's prior experience in the TRS while a full-time teacher. Although significant, by itself, we find this experience insufficient by itself to put petitioner on notice, years later, of the option to rejoin the TRS as a substitute teacher. Notably, in one of the appeals decided in *Matter of Scanlan v Buffalo Pub. School Sys. (supra)*, namely *Matter of Clark v Board of Educ.*, 236 AD2d 709, *revd sub nom. Matter of Scanlan v Buffalo Pub. School Sys., supra*), it was the combination of prior TRS experience in a full-time capacity *together* with substitute recall forms asking teachers if they were current members of the TRS which was found to be a procedure that a reasonable person would view as a request to join the TRS. That was not the situation here. Thus, respondent failed to provide a rational basis for denying petitioner's application for retroactive membership. Accordingly, Supreme Court improperly dismissed the petition.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled, petition granted and matter remitted to respondent to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.