■ In the Matter of Kathryn M. Homer, Respondent, v Board of Education for the Amherst Central School District, Appellant, et al., Respondents. [671 NYS2d 819] —White, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered July 15, 1997 in Albany County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education for the Amherst Central School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner, between 1959 and 1966, was employed as a full-time teacher and was a member of respondent New York State Teachers' Retirement System (hereinafter TRS). When she left teaching in 1966, she withdrew from TRS and remained outside

---

the educational workplace until 1979 when respondent Board of Education for the Amherst Central School District (hereinafter respondent) hired her as a part-time teacher's aide. Petitioner remained in this position until September 1986 when she obtained a full-time teaching position in another school district. In October 1995, petitioner, pursuant to Retirement and Social Security Law § 803 (b) (1), filed a written request for retroactive membership in TRS to include her service from 1979 to 1986. Respondent, in turn, filed an affidavit denying petitioner's application on the ground that she had participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by her to join a public retirement system (*see*, Retirement and Social Security Law § 803 [b] [3] [iii]). Subsequently, petitioner and her attorney met with a representative of respondent to review her eligibility for retroactive membership. Following respondent's affirmance of its denial of her application, petitioner successfully challenged the determination in a CPLR article 78 proceeding. Respondent appeals.

As the record shows that petitioner satisfied the statute's substantial evidence requirement (*see*, Retirement and Social Security Law § 803 [b] [3]), the issue we must resolve is whether respondent's denial of petitioner's request was arbitrary and capricious in that it lacked a rational basis (*see*, *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677-678).

Respondent predicated its determination upon petitioner's prior membership in TRS and two documents it provided to her.* The first document is a memorandum dated March 26, 1981 that was distributed to all employees who were not members of a retirement system advising them of their right to join a retirement system and asking if they wanted to do so. Petitioner denies receiving this document and respondent's records indicate that she did not respond to it. The second document was a letter mailed to petitioner in February 1982 containing a check refunding deductions withheld from petitioner's pay for Social Security. Respondent explained in the letter that these deductions should not have been made because petitioner was not a member of a retirement system. In our view, this information should have put petitioner on notice that her part-time status was not a bar to membership in a retirement system for, if it was, respondent would not have

---

* We may not consider petitioner's responses on employment forms she filled out since respondent did not rely on them in denying petitioner's request (*see*, *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861).

made these deductions. Therefore, considering this letter together with petitioner's prior TRS experience, we find that respondent provided a rational basis for its determination (*see, Matter of Clark v Board of Educ.*, 90 NY2d 662, 680; *Matter of Weston v Board of Educ.*, 245 AD2d 722; *Matter of Planck v Niskayuna School Dist.*, 245 AD2d 735). Accordingly, we reverse Supreme Court's judgment and dismiss the petition.

Cardona, P. J., Mercure, White, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.