■ In the Matter of CONSTANCE S. MERRITT, Appellant, v ITHACA CITY SCHOOL DISTRICT, Respondent. [678 NYS2d 829] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered June 11, 1997 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for retroactive membership in the New York State Teachers' Retirement System.

Between September 1972 and May 1973, petitioner was employed by respondent as a substitute teacher. She obtained a full-time probationary teaching position during the 1973-1974 school year at which time she became a member of the New York State Teachers' Retirement System (hereinafter TRS). In April 1994, she requested retroactive membership in the TRS pursuant to Retirement and Social Security Law § 803 based upon service rendered in 1972 and 1973. Following the initial denial of petitioner's request, respondent reviewed the matter and issued a final determination denying the request on the ground that petitioner had not demonstrated by substantial evidence that she did not participate in a procedure a reasonable person would recognize as an explanation or request requiring a formal decision whether to join the TRS.

Petitioner commenced this CPLR article 78 proceeding seeking to have respondent rescind its determination and file an affidavit accepting her claim. In its answer to the petition, respondent attached affidavits not included as part of its original determination. Over petitioner's objection, Supreme Court considered the affidavits and dismissed the petition, finding respondent's determination rational. Petitioner appeals.

Initially, in order for a teacher who has satisfied the "continuous service" requirement of Retirement and Social Security Law § 803 (b) (2) to qualify for retroactive membership in the TRS, it must be demonstrated that the teacher did not: "(1) file a written declination of membership with their employer, (2) participate in a procedure where the option to join the TRS was explained in written material which can be produced and there is documentation or a notation to the effect

that he or she so participated, or (3) participate in a procedure that a reasonable person would have recognized as an explanation or request to join the TRS" (*Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, *lv denied* 92 NY2d 805). (*See*, Retirement and Social Security Law § 803 [b] [3].) Inasmuch as petitioner asserts that she did not engage in any of the foregoing activities, she has satisfied her burden of going forward and has provided substantial evidence of her entitlement to retroactive membership under Retirement and Social Security Law § 803 (*see*, *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677-678; *Matter of Sadoff v Ithaca City School Dist.*, *supra*, at 862-863).

We, therefore, must decide whether respondent's denial of petitioner's request for retroactive membership had a rational basis. In support of the determination, respondent noted that: "As part of [respondent's] regular hiring process, employees were offered the opportunity to join the [TRS] and were provided with [TRS] forms by which participation could be elected. [Respondent's] records show that, in the time period in question, teachers for whom joining the [TRS] was optional, in fact, joined the system. Further, time sheets in use for per diem substitute teachers clearly made reference to retirement system contributions." In our view, "these conclusory findings do not make sufficient factual reference to the retirement information provided, the dates when it was provided, nor the procedure in place for informing teachers of the TRS membership options during the early 1970s" (*Matter of Sadoff v Ithaca City School Dist.*, *supra*, at 682-683). Accordingly, they are far too vague to provide a rational basis for respondent's determination (*see*, *id.*; *see also*, *Matter of Van Antwerp v Board of Educ.*, 247 AD2d 676). Although respondent provided more specific information through affidavits in support of its answer to the petition, that attempt to augment the grounds relied upon in the initial denial fails inasmuch as the record is not sufficiently detailed to enable us to clearly conclude that respondent, in fact, relied upon all of this additional information at the time of the initial denial. We have considered respondent's remaining claims and find them to be unpersuasive.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled, petition granted and matter remitted to respondent to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System.