■ In the Matter of SUSAN J. MALCHOW, Appellant, v BOARD OF EDUCATION FOR THE NORTH TONAWANDA CENTRAL SCHOOL DISTRICT et al., Respondents. [679 NYS2d 172] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 3, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the North Tonawanda Central School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner joined respondent New York State Teachers' Retirement System (hereinafter TRS) in connection with her

---

employment as a full-time teacher with the Niagara Falls City School District during the 1963-1964 school year. Petitioner resigned from that position in July 1965 and at that time withdrew from membership in TRS. Petitioner thereafter served as a part-time substitute teacher for respondent North Tonawanda City School District (hereinafter respondent) during the 1966-1967 school year and substantially every school year thereafter until 1983, when she resumed full-time teaching and rejoined TRS.

In February 1996, petitioner filed an application pursuant to Retirement and Social Security Law § 803 seeking membership in TRS retroactive to the 1966-1967 school year, to cover her years of part-time substitute teaching. Petitioner's application was denied by respondent upon the ground, as relevant here, that "[p]ayroll records * * * indicate [petitioner was] a member of [TRS] and withdrew, affording [her] an opportunity to remain a member". Following an administrative appeal, respondent confirmed the denial of petitioner's application, finding that petitioner had participated "in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision * * * to join [TRS]". Upon judicial review pursuant to CPLR article 78, Supreme Court confirmed respondent's determination, finding adequate evidentiary support in petitioner's 1966 payroll records, which (according to Supreme Court's analysis) showed that she had been refunded approximately $8 in Social Security tax that had been withheld from her earnings at the beginning of the 1966-1967 school year. According to Supreme Court, "the deduction of funds from petitioner's pay and the subsequent return of the funds to her is a 'procedure that a reasonable person would recognize as an explanation or request requiring a formal decision'" (Retirement and Social Security Law § 803 [b] [3] [iii]). Petitioner appeals.

It is a fundamental principle of administrative law that judicial review of an agency's determination is limited, first, to a consideration of evidence that was before the agency and, second, to the actual grounds that were relied upon by the agency in reaching its determination (*see*, *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678; *Matter of Van Antwerp v Board of Educ.*, 247 AD2d 676, 677-679). Significantly, in denying petitioner's application, respondent gave absolutely no consideration to petitioner's undisputed membership in TRS while she was employed by the Niagara Falls City School District during the 1963-1964 and 1964-1965 school years. Rather, basing its decision exclusively on a summary of

pay records for the period beginning September 1966, respondent attempts to establish notice to petitioner of her entitlement to membership in TRS solely by virtue of the fact that Social Security taxes totaling $7.77 were first withheld from petitioner's pay and then refunded to her during the 1966-1967 school year.

Although we recognize the existence of some logical relationship between a public employer's withholding of Social Security tax and its employee's membership in a retirement system (see, e.g., *Matter of Homer v Board of Educ.*, 249 AD2d 722), it requires a much greater leap to infer knowledge of an employee's eligibility to belong in a retirement system from nothing more than her employer's brief withholding and subsequent refund of a minute sum in Social Security taxes. Our prior decision in *Matter of Homer v Board of Educ. (supra)* does not support respondent's position in that regard and, in fact, provides a useful contrast to the present factual setting. In *Homer*, the respondent predicated its determination denying the petitioner's application pursuant to Retirement and Social Security Law § 803 (b) (3) (iii) on the petitioner's prior membership in TRS, a memorandum purportedly sent to all employees who were not members of TRS advising them of their right to join a retirement system, and a letter mailed to the petitioner, which accompanied a refund of previously withheld Social Security tax and explained that the deductions should not have been made due to the fact that the petitioner was not a member of a retirement system (*id.*, at 723-724). Although crediting the petitioner's statement that she never received the memorandum, we held that the *letter*, together with the petitioner's *prior TRS experience*, provided a rational basis for the determination (see, *id.*, at 723-724). In this case, we have only the refund, which provided no basis for our decision in *Homer* and which, in the absence of any letter of explanation, strikes us as meaningless.

Limiting our inquiry to the evidence before respondent and such of the grounds relied upon in its written determinations as have not since been abandoned, we conclude that the administrative record lacks a rational basis for respondent's determination (see, *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 862-863, *lv denied* 92 NY2d 805; *Matter of Van Antwerp v Board of Educ.*, supra; compare, *Matter of Scanlan v Buffalo Pub. School Sys.*, supra, at 680). Therefore, we shall reverse Supreme Court's judgment, annul respondent's determination and remit the matter to respondent for the filing of an affidavit stating that petitioner is eligible for retroactive

membership. Under the circumstances, we need not consider the question of whether respondent complied with the requirement of Retirement and Social Security Law § 803 (b) (3) that it provide a postreview affidavit.

White, Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.