■ In the Matter of BARBARA STORRAR, Respondent, v BOARD OF EDUCATION OF THE MAHOPAC CENTRAL SCHOOL DISTRICT et al., Appellants. [684 NYS2d 256] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Mahopac Central School District, dated May 20, 1996, which denied the petitioner's application for retroactive membership in the New York State Teacher's Retirement System, the appeal is from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated November 13, 1997, which granted the petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The determination of the respondent Board of Education of the Mahopac Central School District which denied the petitioner's application for retroactive membership in the New York State Teacher's Retirement System (*see,* Retirement and Social Security Law § 803) was not arbitrary and capricious or without a rational basis. The petitioner's prior membership in the retirement system and the statement of a former payroll clerk which described her conversation with the petitioner relating to "FICA deduction versus reenrollment" in the system, were sufficient to establish that the petitioner "participate[d] in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]; *see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662; *Matter of Lovett v Manhasset Pub. Schools,* 245 AD2d 455; *Matter of Sadoff v Ithaca City*

*School Dist.,* 246 AD2d 861; *Matter of Weston v Board of Educ.,* 245 AD2d 722; *Matter of Planck v Niskayuna School Dist.,* 245 AD2d 735). Consequently, the petitioner was ineligible for retroactive membership. Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.