■ In the Matter of MARY F. CHANDLER, Appellant, v BOARD OF EDUCATION FOR THE CHITTENANGO SCHOOL DISTRICT et al., Respondents. [686 NYS2d 904] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered May 27, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the Chittenango School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner began her employment with the Chittenango Central School District (hereinafter the District) in September 1971. During the 1971-1972 school year, she worked as a part-time teacher and resigned at the end of the year. At the beginning of the 1973-1974 school year, she recommenced employment with the District as a part-time teacher. At that time, she became a member of respondent New York State Teachers' Retirement System (hereinafter the TRS).

In October 1994, petitioner filed a claim pursuant to Retirement and Social Security Law § 803 seeking retroactive membership in the TRS based on her part-time employment with the District during the 1971-1972 school year. Respondent Board of Education for the Chittenango School District (hereinafter respondent) denied petitioner's claim on the basis

that she did not have continuous service with the District between June 1972 and September 1973. After a hearing to review this denial, the Hearing Officer found that petitioner had the requisite continuous service to qualify for retroactive membership. He recommended, however, denial of the claim on the basis of petitioner's failure to prove that for the 1971-1972 school year she did not participate in a procedure a reasonable person would recognize as an explanation or request to join or decline membership in the TRS. Respondent accepted this recommendation and denied petitioner's claim.

Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. Upon finding that the determination was neither arbitrary nor capricious, Supreme Court dismissed the petition resulting in this appeal. At issue is whether a rational basis supports respondent's finding that petitioner is not eligible for retroactive membership in the TRS because she "participat[ed] in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]; see, Matter of Weston v Board of Educ., 245 AD2d 722, 722-723).

Initially, we note that petitioner's testimony that she was not advised of her right to join the TRS during the 1971-1972 school year satisfied her burden of going forward (see, Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 677-678; Matter of Sadoff v Ithaca City School Dist., 246 AD2d 861, 862, lv denied 92 NY2d 805; Matter of Weston v Board of Educ., supra, at 723). Therefore, we must next examine whether respondent's denial of petitioner's request for retroactive membership has a rational basis (see, Matter of Scanlan v Buffalo Pub. School Sys., supra, at 678; Matter of Merritt v Ithaca City School Dist., 254 AD2d 591, 592; Matter of Sadoff v Ithaca City School Dist., supra, at 862).

At the administrative hearing, Mildred Hebert, the former administrative assistant to the Superintendent of the District, testified to the procedure in place during 1971 for orientation of new teachers. She indicated that the new employees were provided a packet of materials which would include a tax withholding form, data card, health insurance and credit union information, and a retirement application. Hebert stated that the packet was distributed to part-time teachers even though their membership in the TRS was optional. Although she could not specifically recall providing a packet to petitioner, she stated that a teacher could not get on the payroll without completing a tax withholding form.

Ethel Barber, the account clerk responsible for maintaining payroll records, testified that the records covering petitioner's employment during the 1971-1972 school year revealed that deductions were taken for health insurance and the credit union. She stated that the deductions were voluntary and required petitioner's authorization. Dale Thomas, the District's business administrator, testified that petitioner's name appeared on a list sent to the TRS identifying those teachers who were eligible for membership in the TRS during the 1971-1972 school year. Michael Corn, a trustee for the TRS, testified that the District's payroll records for the 1971-1972 school year disclosed that at least seven other part-time teachers who began their employment at the same time as petitioner had joined the TRS.

In our view, the foregoing evidence is sufficient to establish that respondent had a procedure in place for advising newly hired part-time teachers of their eligibility for membership in the TRS (*see, Matter of Andrasik v Board of Educ.*, 255 AD2d 661, *lv denied* 93 NY2d 801). Although conflicting proof was presented at the hearing concerning petitioner's participation in this procedure, the Hearing Officer was in the best position to make credibility determinations and weigh the evidence. Therefore, we conclude that respondent's determination has a rational basis and we decline to disturb the dismissal of the petition.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.