■ In the Matter of Marie E. Regan, Appellant, v Board of Education for the Massena Central School District et al., Respondents. [688 NYS2d 736] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered March 4, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education of the Massena Central School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner worked full time as a teacher for the Massena Central School District (hereinafter District) during the 1957-1958 school year and was a member of respondent New York State Teachers' Retirement System (hereinafter TRS). During the following school year, she worked five days as a per diem substitute teacher and, during the first half of the 1959-1960 school year, she worked 91 days as a full-time teacher. She stopped teaching in 1960 and withdrew her contributions to the TRS. Petitioner began working for the District again in 1963 as a per diem substitute teacher and as a full-time summer school teacher. She continued through the 1970-1971 school year and, during that time, also taught at other districts. From 1971 through 1973, petitioner taught only at other districts.

In February 1996, petitioner filed a claim pursuant to Retirement and Social Security Law § 803 for retroactive membership in the TRS from 1963 through 1973. The District denied her claim. Following a hearing, the Hearing Officer upheld the denial on the basis, *inter alia*, that petitioner had indicated she did not wish to join the TRS on a 1966-1967 "Substitute Teacher Application & Data Sheet". Petitioner commenced this CPLR article 78 proceeding and, following joinder of issue, Supreme Court dismissed the petition finding that the denial of the application had a rational basis. This appeal ensued.

Initially, Retirement and Social Security Law § 803 (b) (3) provides that a teacher is entitled to retroactive membership in the TRS if the employer files an affidavit establishing that the teacher did not: "(i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed, such form, booklet or written material can be produced and documentation or a notation to the effect that he or she so participated exists; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system." The teacher bears the burden of going forward with evidence demonstrating entitlement to retroactive membership in the TRS (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677-678; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 862, *lv denied* 92 NY2d 805). Once this showing is made, the focus turns to whether the denial of the request for membership has a rational basis (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra*, at 678; *Matter of Sadoff v Ithaca City School Dist., supra*, at 862).

In the case at hand, petitioner satisfied her burden of going forward by stating on her application that her employer did not advise her of her right to join the TRS (*see, Matter of Kelley v Comptroller of State of N. Y.*, 249 AD2d 751, 752; *Matter of Zinman v Board of Educ.*, 248 AD2d 716, 717). In support of the denial, the Hearing Officer relied upon a form petitioner completed for the 1966-1967 school year entitled, "Substitute Teacher Application & Data Sheet", in which she gave a negative response to the question, "Do you now wish to join the Retirement System?" While petitioner could not remember completing this form, she identified the handwriting as her own. In addition, upon reviewing the District's substitute teacher files for the years 1961 through 1967, the Hearing Officer found that identical "data sheets" had been distributed to

substitute teachers during that time period. This evidence established that the District had a procedure in place for notifying substitute teachers of their right to join the TRS during the relevant time period (*see, Matter of Andrasik v Board of Educ.*, 255 AD2d 661, 663, *lv denied* 93 NY2d 801). Inasmuch as petitioner was a substitute teacher who presumably received a data sheet in 1963 like the one she completed for the 1966-1967 school year, we find that the denial of her application had a rational basis.

We further note that although Supreme Court should not have considered a 1958 form completed by petitioner concerning her retirement because it appears outside the administrative record (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, *supra*, at 678; *Matter of Sadoff v Ithaca City School Dist.*, *supra*, at 862), we nevertheless affirm the judgment dismissing the petition.

Mikoll, Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.