■ In the Matter of JACKLYN A. MENDINI, Appellant, v BOARD OF EDUCATION FOR THE SOUTH COLONIE CENTRAL SCHOOL DISTRICT et al., Respondents. [693 NYS2d 278] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 16, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the South Colonie Central School District denying petitioner's request for retroactive membership with respondent New York State Teachers' Retirement System.

Petitioner was employed by the South Colonie Central School District (hereinafter the District) on a part-time basis beginning in the 1983-1984 school year and continuing in that capacity until becoming a full-time teacher in 1992, at which time she enrolled in the New York State Teachers' Retirement System (hereinafter TRS). In 1996, petitioner filed an application pursuant to Retirement and Social Security Law § 803 seeking membership in the TRS retroactive to 1983. Respondent Board of Education for the South Colonie Central School District (hereinafter the Board) denied the application finding that petitioner participated in "a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join the [TRS]". Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 which Supreme Court dismissed concluding that the Board had a rational basis for denying petitioner's application. This appeal ensued.

We reject petitioner's contention that the determination denying her claim for retroactive membership was an arbitrary and capricious one. Barbara Griesemer, a long-time employee of the District who was Head Payroll Clerk, attested that each new part-time employee and substitute teacher was offered the opportunity to participate in the TRS and was so informed via a packet of materials supplied by the District. The packet contained a membership application in addition to a draft form to be signed and returned in the event the individual declined membership in the TRS. Those forms, unfortunately, have been misplaced. And although she did not remember specifically talking with petitioner about joining the TRS, Griesemer routinely discussed that option with many new employees in the course of explaining other payroll deductions to them. There was indeed a procedure in place whereby part-time and substitute teachers were made aware of their right to join the TRS as averred by Griesemer and further confirmed by a list the District produced identifying by name part-time teaching employees, as well as substitute teachers who joined the TRS during this time period (*see, Matter of Regan v Board of Educ.*, 260 AD2d 846). Moreover, had petitioner elected to join the TRS, she would have been required to contribute to Social Security; significantly, her wage and tax statements for the years involved show no such Social Security deductions. This evidence, despite its flaws, is not so contrary to common sense as to preclude our concluding that it provides a rational basis for the Board's decision (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678; *Matter of Regan v Board of Educ., supra*; *Matter of Andrasik v Board of Educ.*, 255 AD2d 661, 664, *lv denied* 93 NY2d 801).

Lastly, we agree with Supreme Court that the hearing and the employer affidavit setting forth the grounds for the Board's determination which the District provided petitioner satisfies the review process contemplated by the statute (*see*, Retirement and Social Security Law § 803 [b] [3]).

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.