■ In the Matter of SUSAN MACK, Appellant, v BOARD OF EDUCATION FOR THE VERNON-VERONA-SHERRILL CENTRAL SCHOOL DISTRICT et al., Respondents. [705 NYS2d 133] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 8, 1998 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the Vernon-Verona-Sherrill Central School District denying petitioner's application for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner was employed as a full-time teacher with the Poland and Hartford Central School Districts during the 1964 through 1969 school years. During that time, she was a member of respondent New York State Teachers' Retirement System (hereinafter TRS). Petitioner was also a member of the TRS when employed as a full-time teacher with respondent Vernon-Verona-Sherrill Central School District (hereinafter the District) during the 1969-1970 school year. At the end of that school year, she resigned her full-time teaching position and withdrew from membership in the TRS. Petitioner worked for the District as a part-time substitute teacher during the 1970-1971 school year but did not teach the following year. Between 1972 and 1981, she worked for the District as well as other districts as a part-time substitute teacher. In 1981, petitioner resumed full-time teaching and rejoined the TRS.

In 1996, petitioner filed an application pursuant to Retirement and Social Security Law § 803 seeking membership in the TRS retroactive to the 1972-1973 school year to cover a portion of her part-time substitute service. Respondent Board of Education for the District (hereinafter respondent) denied her application on the ground that she had participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision to join the TRS. The determination was upheld upon administrative review.

Petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court vacated the determination due to respondent's failure to comply with the procedural requirements of Retirement and Social Security Law § 803 (b) (3) and remitted the matter for issuance of a post-review affidavit. Respondent prepared the affidavit again denying petitioner's application. Thereafter, petitioner brought this CPLR article 78 proceeding and, following joinder of issue, Supreme Court confirmed the determination resulting in this appeal.

At issue is whether respondent's decision denying petitioner's application for retroactive membership on the ground that she participated in a procedure a reasonable person would recognize as a request requiring a formal decision to join the TRS has a rational basis. Simply, based upon the facts and circumstances of this case, we must decide whether petitioner had or should have had knowledge of her option to join the TRS as a substitute teacher. As support for its position, respondent relied upon (1) a payroll form dated June 7, 1969 notifying petitioner that membership in the TRS is mandatory for teachers working half time or more, (2) petitioner's letter of August 7, 1970 to the TRS inquiring about "buying back" her previous years of service upon returning to teaching at a later date, (3) the TRS' reply letter dated September 8, 1970 informing petitioner that if she resumed full-time teaching she would be obligated to rejoin the TRS, (4) petitioner's September 15, 1970 application for a refund of her TRS contributions advising that "[i]f a teacher whose membership has ceased later resumes teaching in New York State he *must* join the Retirement System *as a new entrant*" (emphasis in original), and (5) petitioner's membership in the TRS from 1964 until 1970.

We have held that an employee's prior membership in the TRS while a full-time teacher is insufficient by itself to put the employee on notice of his or her right to join the TRS at a later date while employed as a substitute teacher (*see, Matter of*

*Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 863, *lv denied* 92 NY2d 805). Here, we must consider whether the documents relied upon by respondent, when considered in light of petitioner's prior TRS membership, provide a rational basis for respondent's conclusion that petitioner had sufficient notice of her right to join the TRS as a substitute teacher. After an examination of the record, we cannot conclude that respondent's determination was arbitrary and capricious in that it lacked a rational basis. Although the documents at issue do not specifically refer to the option to join the TRS while a substitute teacher, they do indicate that future membership is available after a break in service. The June 7, 1969 payroll form states that membership is mandatory for teachers working half time or more. Notably, this language does not preclude optional membership by teachers working less than half time.

Moreover, by examining petitioner's letter of August 7, 1970, one may reasonably conclude that she was knowledgeable of the operations of the TRS inasmuch as she was aware of her right to "buy back" prior years of service upon her future return to teaching and, in fact, intended to resume teaching at a later date. Although a contrary determination also has support in this record, we cannot say that respondent's determination is irrational and should be disturbed (*see, Matter of Homer v Board of Educ.*, 249 AD2d 722, 723, *lv denied* 92 NY2d 810; *Matter of Planck v Niskayuna School Dist.*, 245 AD2d 735; *cf., Matter of Malchow v Board of Educ.*, 254 AD2d 608).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.