OPINION OF THE COURT
Yvonne Lewis, J.
Petitioner Odessa Collins challenges the determination by respondent New York City Employees’ Retirement System (NYC- *541 ERS), dated November 19, 2002, which denied her application to purchase premembership retirement service credit for her employment at various day-care centers. Petitioner seeks a judgment directing NYCERS to permit her to purchase such service credit, pursuant to Retirement and Social Security Law § 609, for the time periods of April 15, 1970 to November 10, 1972, November 14, 1972 to July 15, 1974, July 22, 1974 to May 15, 1980, December 5, 1980 to August 8, 1982, and June 1, 1980 to November 30, 1980.
Petitioner is an employee of the City of New York Human Resources Administration (HRA), who became a member of NYC-ERS on August 29, 1984. Prior to petitioner’s employment by HRA and her membership in NYCERS, she was employed at various day-care centers. Specifically, from April or May 15, 1970 to November 10, 1972 she was employed by the Friendship Day Care Center, Inc. as an assistant teacher; from November 14, 1972 to July 15, 1974 she was employed by the Highbridge Advisory Council Day Care and Senior Citizens Center, Inc. as a group teacher; from July 22, 1974 to May 15, 1980 she was employed at the Seabury Day Care Center, Inc. as a group teacher; from December 5, 1980 to August 8, 1982 she was employed at Better Education Starts Today as a teacher; and from June 1, 1980 to November 30, 1980 she was employed at the Mennonite Church Head Start.
By letter dated October 31, 2002 and a revised application dated November 4, 2002, petitioner sought to purchase premembership service credit under Retirement and Social Security Law § 609 for the aforesaid time periods based upon her day-care center employment. In her letter, petitioner stated that HRA was the licensing agency for all of the day-care centers. Petitioner, however, submitted no documentation that she was on city, state, or local government payroll during the 1970-1982 employment period claimed. By letter dated November 19, 2002, NYCERS notified petitioner that her application to purchase premembership service credit based upon her employment in the HRA-licensed day-care centers between 1970 and 1982 was denied because the periods of claimed employment were not New York State, City, or local government paid-for service. Consequently, on March 17, 2003, petitioner filed this petition, challenging NYCERS’ determination.
It is well settled that the court’s standard of review in a CPLR article 78 proceeding is whether a rational basis exists for the respondent’s determination (see CPLR 7803 [3]; Matter of Mack *542 v Board of Educ. for Vernon-Verona-Sherrill Cent. School Dist., 270 AD2d 790, 792 [2000]; Matter of Homer v Board of Educ. for Amherst Cent. School Dist., 249 AD2d 722, 724 [1998]). A reviewing court will not substitute its judgment for that of the agency unless it appears to be arbitrary, capricious, or contrary to law (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Brockport Cent. School Dist. v New York State & Local Employees’ Retirement Sys., 270 AD2d 706, 707-708 [2000]; Matter of Regan v Board of Educ. for Massena Cent. School Dist., 260 AD2d 846, 847-848 [1999]; Cutcher v Nyquist, 43 AD2d 58, 58-59 [1973]).
In support of her petition, petitioner asserts that the premembership service at the day-care centers, for which she had sought to purchase credit in NYCERS, was rendered for licensed agencies under contract with the City, HRA, and/or subdivisions thereof, to provide service for the City’s clients. She contends that such service was therefore qualifying service for which she should have been permitted to purchase credit pursuant to Retirement and Social Security Law § 609. She argues that NYCERS’ November 19, 2002 determination denying her application to purchase such premembership retirement service credit under Retirement and Social Security Law § 609 was arbitrary, capricious, and lacked a rational basis.
Pursuant to Retirement and Social Security Law § 609 (c), however, “a member shall only be eligible to obtain credit for active service with a participating employer.” Retirement and Social Security Law § 601 (a) defines “[a]ctive service” to “mean service while being paid on the payroll of a participating employer.” Retirement and Social Security Law § 601 (i) defines “[participating employer” to “mean a public employer who is participating in a public retirement system of the state.”
NYCERS has submitted the sworn affidavit of Jay Nadelbach, the program director of the Day Care Council of New York, Inc., who explains that day-care centers funded by New York City are operated or sponsored by independent not-for-profit organizations, which enter into purchase of service agreements with the City to provide services in day-care centers. He states that the HRA provided the funding for these centers and exercised oversight responsibilities until 1996, when these functions were reassigned to the City’s Administration for Children’s Services. Jay Nadelbach, in his affidavit, sets forth that each day-care center is managed by its sponsoring organization’s board of *543 directors, which has the authority to hire and fire its employees. He asserts that day-care centers’ employees, therefore, are not and never were city employees paid on the city payroll, and are not and never were members of any New York City public employee retirement system. Jay Nadelbach further explains that employees of day-care centers are eligible to participate in the Cultural Institutions Retirement System, an independent, non-city retirement system created to provide pensions and other retirement benefits for employees of certain not-for-profit organizations, such as cultural institutions, zoos, botanical gardens, and day-care centers.
NYCERS has thus established that while a day-care center may receive city funding, day-care center workers are not on the city payroll or eligible for membership in NYCERS (see Matter of Harris v Teachers’ Retirement Sys. of City of N.Y., Sup Ct, NY County, Dec. 15, 2004, Diamond, J., Index No. 108514/04; Matter of Grist v Teachers’ Retirement Bd. of Teachers’ Retirement Sys. of City of N.Y., Sup Ct, NY County, Oct. 1, 2003, Payne, J., Index No. 110363/03). Petitioner, in reply, merely argues that there is no reference by Jay Nadelbach regarding any knowledge on his part of the specific day-care facilities at which she had worked. Such argument, however, is unavailing. Petitioner has not submitted any evidence showing that the day-care centers at which she had worked differed from other day-care centers or from day-care centers generally, nor does she dispute Jay Nadelbach’s assertion that the day-care centers’ sponsoring organization’s board of directors had the authority to hire and fire the day-care centers’ employees. Petitioner also does not controvert the fact that, during her employment at the subject day-care centers, she was not on the payroll of the City or the payroll of a public employer who participated in a public retirement system of the State.
Therefore, inasmuch as it is undisputed that petitioner, as an employee of the day-care centers at issue, was not on the payroll of the City of New York, petitioner’s employment with the daycare centers was not “active service with a participating employer” so as to constitute “[c]reditable service” under Retirement and Social Security Law § 609 (c) (see Retirement and Social Security Law § 601 [a], [i]; Matter of Harris, Sup Ct, NY County; Matter of Grist, Sup Ct, NY County). Thus, it cannot be said that NYCERS’ determination to disallow petitioner’s request for service credit, under Retirement and Social Security Law § 609, was arbitrary or capricious, or lacked a rational *544 basis (see CPLR 7803 [3]; Matter of Mack, 270 AD2d at 792; Matter of Harris, Sup Ct, NY County; Matter of Grist, Sup Ct, NY County; Matter of McNaney v New York City Teachers’ Retirement Bd., 152 NYS2d 140, 142 [1956], affd 2 AD2d 883 [1956]).
Petitioner, in support of her petition, further asserts that other persons employed along with her at the day-care centers at issue were allowed to purchase credit in the Teachers’ Retirement System of the City of New York (TRS). Specifically, she states that Mildred Ramsey, who was employed at the Seabury Day Care Center, Inc., was allowed to purchase service credit in TRS. Petitioner argues that the denial by NYCERS of her request to purchase credit for such premembership service, while permitting colleagues of hers who had the same employment to purchase credit for such premembership service, was arbitrary, capricious, irrational, and unlawful.
Petitioner’s argument must be rejected. NYCERS asserts that Mildred Ramsey is not a member of TRS, and petitioner has not submitted any documentary evidence to show otherwise. Reference is also made to Kathy Blount, a member of NYCERS, but the documentary evidence submitted does not show that she was allowed to purchase credit for work outside of government service. Moreover, NYCERS has pointed out that in the similar instance of a CPLR article 78 proceeding brought by Eunice W. Harris to challenge a determination by TRS, which had denied her application for retirement service credit in connection with her day-care center employment at the Charles R. Drew Early Childhood Learning Center, the Supreme Court, New York County, denied her petition (see Matter of Harris, Sup Ct, NY County). Thus, petitioner’s argument that she has received disparate treatment from others similarly situated is not supported by the record (see Matter of George v New York State & Local Retirement Sys., 285 AD2d 798, 800 [2001]; see generally Matter of Hicks v City of New York, 1 AD3d 218, 218 [2003]).
Accordingly, the petition is denied and the proceeding is dismissed.