Matter of JP Morgan Chase Bank, N.A. (Kyle) (2018 NY Slip Op 01058)





Matter of JP Morgan Chase Bank, N.A. (Kyle)


2018 NY Slip Op 01058


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2015-02251
2015-02252
2015-02253
 (Index No. 27940/08)

[*1]In the Matter of JP Morgan Chase Bank, N.A., petitioner-respondent; Lisa 
v
Kyle, et al., objectants-appellants; Clifford Meirowitz, et al., nonparty-respondents.


Marisa Falero, Brooklyn, NY, for objectants-appellants.
Hahn & Hessen LLP, New York, NY (Zachary G. Newman and Stephen J. Grable of counsel), for petitioner-respondent.



DECISION & ORDER
Appeals from two orders of the Supreme Court, Kings County (Edgar G. Walker, J.), both dated February 27, 2015, and from stated portions of a third order of that court, also dated February 27, 2015. The first order dated February 27, 2015, in effect, denied that branch of the objectants' motion which was for leave to reargue and renew their opposition to the prior motions of nonparty Susan Iannelli to quash subpoenas served upon her by the objectants, which, in effect, were granted in an order of that court dated October 10, 2014, to the extent of directing the objectants to pay her costs of complying with the subpoenas. The second order dated February 27, 2015, in effect, denied that branch of the objectants' motion which was for leave to reargue and renew their opposition to the prior cross motion of nonparty Clifford Meirowitz to quash a subpoena served upon him by the objectants, which, in effect, was granted in the order dated October 10, 2014, to the extent of directing the objectants to pay his costs of complying with the subpoena. The third order dated February 27, 2015, inter alia, denied that branch of the objectants' motion which was for the appointment of a referee or a judicial hearing officer to supervise the petitioner's deposition.
ORDERED that the appeals from so much of the first two orders dated February 27, 2015, as, in effect, denied those branches of the objectants' motion which were for leave to reargue are dismissed, as no appeal lies from an order denying leave to reargue; and it is further,
ORDERED that the first two orders dated February 27, 2015, are affirmed insofar as reviewed; and it is further,
ORDERED that the third order dated February 27, 2015, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
In this proceeding to settle a judicial account, two nonparties moved to quash subpoenas which had been served upon them by the objectants. The Supreme Court, in effect, granted those motions to the extent of directing the objectants to pay the nonparties' costs of responding to the subpoenas. The objectants subsequently moved, inter alia, for leave to reargue and renew their opposition to the motions to quash, and for the appointment of a referee or a judicial hearing officer to supervise the petitioner's deposition. The court, inter alia, in effect, denied those branches of the objectants' motion in three orders dated February 27, 2015. The objectants appeal.
The Supreme Court properly denied those branches of the objectants' motion which were for leave to renew their opposition to the nonparties' prior motions, as those branches of the motion were not based upon either new facts not offered in opposition to the prior motions that would change the prior determinations, or a change in the law that would change the prior determinations (see CPLR 2221[e]). Furthermore, the court's determinations with regard to the petitioner's deposition, which set reasonable terms and conditions for disclosure, were not an improvident exercise of discretion (see Mattocks v White Motor Corp. , 258 AD2d 628, 629).
The objectants' remaining contentions are without merit.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court