OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, and the determination of the hearing officer reinstated.
While there was evidence that some civilian employees were threatened with violence if they crossed the correction officers’ picket lines, there was also testimony that some had crossed the lines without incident. There was no testimony of any actual violence or injuries on the picket lines. Offers were made to provide safe passage through the gates in trucks.
The hearing officer heard and saw the witnesses, particularly the petitioners who testified. He was best able to judge by observation of their demeanor and otherwise the credibility and probative worth properly to be accorded their testimony. Particularly is this so when the ultimate issue was the subjective state of mind of the witnesses. Based on all the testimony before him, the hearing officer found that there was no real demonstration of violence on the picket lines, and that petitioners had “failed to bear the burden of proof that their refusal to accept assignments was due to a bona fide fear of personal injury and/or future reprisals”.
Taking into account both the statutory rebuttable presumption that an employee “who abstains wholly or in part from the full performance of his duties * * * when a strike occurs, shall be presumed to have engaged in such strike” (Civil Service Law, § 210, subd 2, par [b]) and the testimony in the record with the inferences reasonably to be drawn therefrom, we conclude that there was substantial evidence to support the determination of the hearing officer that petitioners had violated section 210 of the Civil Service Law.
*1005 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment reversed, etc.