■ In the Matter of DONNA RICHARDS, Petitioner, v EDWARD STOLZENBERG, as Commissioner of Hospitals of the County of Westchester, et al., Respondents. [640 NYS2d 352] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to review a determination of respondent Commissioner of Hospitals of Westchester County which found petitioner guilty of misconduct and terminated her employment.

After a hearing, petitioner, who was at the time employed as a courier at Westchester County Medical Center, was found to have violated respondent County of Westchester's sexual harassment policy and its Code of Employee Ethics and Standards of Conduct (hereinafter the Ethics Code), as a result of two incidents in which she and another female hospital employee pulled down, or attempted to pull down, the trousers of male co-workers. Adopting the Hearing Officer's findings of fact, respondent also found petitioner guilty of the four specifications of misconduct with which she was charged, and terminated her employment with the County. Petitioner seeks annulment of the determination.

Petitioner's contention that the record evidence does not support the Hearing Officer's findings—namely, that petitioner and her cohort did, indeed, engage in the acts that formed the basis for the misconduct charge—is rejected. While the witnesses' accounts of the pertinent events were in many respects contradictory and, as the Hearing Officer conceded, presented difficult questions of credibility, these questions were plainly resolved in the complainants' favor. Affording due deference to the Hearing Officer's ability to observe the witnesses firsthand

and consider their demeanor while testifying (*see, Van Vlack v Ternullo*, 53 NY2d 1003, 1004; *Matter of Simpson v Wolansky*, 38 NY2d 391, 394), the record as a whole provides ample support for his factual findings, and for the determination that petitioner violated the County's sexual harassment policy, as charged in the first and second specifications.

There is, however, merit to petitioner's assertion that the facts, as found, do not furnish any grounds for concluding that she violated the Ethics Code. As petitioner notes, neither the Hearing Officer nor respondent provided any explanation of the basis for this aspect of the determination; nevertheless, no purpose would be served by remitting the matter for clarification, for there is simply nothing in the record that could justify the ruling in question (*see, Matter of Ritz v Board of Fire Commrs.*, 212 AD2d 949, 950-951). The Ethics Code, which consists of guidelines and rules governing topics such as the receipt of gifts, disclosure of confidential information, conflicts of interest and financial disclosure, contains no provision relating to the type of behavior in which petitioner was found to have engaged. Accordingly, the third and fourth specifications must be dismissed, and the matter remitted for reconsideration of an appropriate penalty.

Cardona, P. J., Crew III, White and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the third and fourth specifications; said specifications dismissed and matter remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.