■ In the Matter of LOLA DAVIS, Petitioner, v EDWARD STOLZENBERG, as Commissioner of Hospitals of the County of Westchester, et al., Respondents. [643 NYS2d 712] —Yesawich Jr., J.

Petitioner, a nursing assistant at Westchester County Medical Center, was found guilty after a hearing of four specifications of misconduct, stemming from two incidents in which she and Donna Richards, another female hospital employee, pulled down, or attempted to pull down, the trousers of male coworkers. In this CPLR article 78 proceeding, petitioner seeks annulment of the determination discharging her.

Although the testimony is conflicting, the determination reached is supported by substantial evidence. Where, as here, the administrative decision turns on the credibility of wit-

nesses, a reviewing court may not substitute its perception of the evidence for that of the agency (*see, Matter of Collins v Codd*, 38 NY2d 269, 270-271). There being nothing in the record that would lead us to question the Hearing Officer's implicit finding that the testimony of the two complainants was more credible than that of petitioner and her accomplice, annulment is not warranted on this basis (*see, Van Vlack v Ternullo*, 53 NY2d 1003, 1004; *Matter of Simpson v Wolansky*, 38 NY2d 391, 394).

Nor does the record lend substance to petitioner's claims that she was found guilty of transgressions with which she was not charged; that the Hearing Officer was biased against her as a result of having presided over Richards' hearing; that his reference to a peripheral fact that had been established at that earlier hearing (but not repeated in petitioner's) affected the outcome of the proceeding; or to her meritless assertion that the first and second specifications, charging violation of the County's sexual harassment policy, must be dismissed because of the lack of proof that she was on notice of that policy (*cf., Matter of Petties v New York State Dept. of Mental Retardation & Dev. Disabilities*, 93 AD2d 960).

Nevertheless, as was the case with Richards, who was charged with infringing the same rules and policies (*see, Matter of Richards v Stolzenberg*, 226 AD2d 818), the record does not support the conclusion that petitioner violated the County's Code of Employee Ethics and Standards of Conduct, for that code contains no prohibition against the type of conduct at issue. The third and fourth specifications of misconduct must therefore be dismissed, and the matter remitted for reconsideration of an appropriate penalty.

Crew III, J. P., White, Peters and Spain, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the third and fourth specifications; said specifications are dismissed and the matter is remitted to respondents for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.