■ In the Matter of WILLIAM SORONEN, JR., Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents. [669 NYS2d 694] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System.

During the 1974 and 1975 legislative sessions, petitioner worked as a part-time, temporary aide to State Senator A.

Frederick Meyerson. In July 1975, following his graduation from law school, petitioner became an associate attorney at a private law firm where he remained until November 1978, when he began employment as a confidential law clerk to a Supreme Court Justice and joined respondent New York State and Local Employees' Retirement System. Petitioner seeks to avail himself of the provisions of Retirement and Social Security Law § 803 to have his membership become retroactive to his legislative employment.

It is undisputed that petitioner never reapplied for employment with Meyerson following the 1975 legislative session even though the law firm where he was working full time would have permitted him to engage in such part-time, evening work. According to petitioner, the sole reason he never reapplied was because he wanted to care for his son during the evenings when his wife, a registered nurse, was at her part-time hospital job, thereby attributing the 40-month break in public service (from July 12, 1975—his last day of employment with Meyerson to November 9, 1978—commencement of his court position) to child care (*see*, Retirement and Social Security Law § 803 [b] [2]). After his application was denied by the Retirement System, petitioner sought and obtained administrative review. At the conclusion of the hearing that followed, petitioner's application was denied prompting him to commence this CPLR article 78 proceeding to annul the determination, which has been transferred to this Court (*see*, CPLR 7804 [g]).

Our review of the record as a whole compels the conclusion that respondent Comptroller's determination that petitioner "has not met the continuous service requirement for retroactive membership" is supported by substantial evidence (*see*, *Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *cert denied* 481 US 1049), thereby mandating confirmance. According to Retirement and Social Security Law § 803 (b) (2), an applicant must have served "continuously" from the time membership is sought in order to be eligible for retroactive membership (*see also*, 2 NYCRR 359.5 [c]). With respect to continuous service, the statute provides: "[A] member shall be considered to have served continuously from the earliest date after which he or she shall have rendered at least twenty days of eligible service during each plan year of such public retirement system, excluding one break in service of not more than * * * two plan years when such break in service is attributable to the birth of a child of the member or care for such child" (Retirement and Social Security Law § 803 [b] [2]).

Here, we note that petitioner's "break" in public service as of

July 1975 was not attributable to child care; rather, it was attributable to the end of the 1975 legislative session and the termination of his temporary position. Petitioner had no guaranteed right to return to this or any other session position in either 1976 or 1977. While Meyerson submitted an affidavit in support of petitioner's application in which he averred that he "would have employed him during the 1976 and 1977 Legislative Sessions had he sought the position", petitioner never reapplied and, more importantly, Meyerson was no longer a State Senator as of March 26, 1976, having been appointed a New York City Criminal Court Judge that day.[1]

In denying petitioner retroactive membership, the Retirement System's letter noted that petitioner was not "assured" employment in the Legislature following his July 1975 termination and that Meyerson "[i]n fact * * * left the Senate before the beginning of the fiscal year in question". Notwithstanding this determination, petitioner failed to establish at the hearing that despite Meyerson's departure from the Senate, a public employment position was definitely available to him during both the 1976 and 1977 "plan year[s]"[2] that he turned down because of child care requirements.

As substantial evidence supports the Comptroller's determination, our "judicial inquiry is complete" (*Matter of Rivera [State Line Delivery Serv.—Roberts]*, 69 NY2d 679, 682, *supra*).

Mikoll, J. P., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

1. Indeed, Meyerson averred that he was only a State Senator "until 1976". To the extent that petitioner asserts that "there was no evidence in the record of when Senator Meyerson resigned as his affidavit only referred to 1976 without giving a day or month", this Court may take judicial notice of matters of public record (*see, e.g., Matter of Siwek v Mahoney*, 39 NY2d 159, 163, n 2; *Matter of Mullen*, 240 AD2d 670; *Matter of 60 Mkt. St. Assocs. v Hartnett*, 153 AD2d 205, 208, n, *affd* 76 NY2d 993). Meyerson's resignation from the Senate and designation as a New York City Criminal Court Judge are matters of public record.

2. A plan year, for the purpose of the Retirement System, "begins on April first and ends on the next following March 31st" (2 NYCRR 359.5 [c]).