■ In the Matter of JANET KRAK, Petitioner, v H. CARL MC-CALL, as Comptroller of the State of New York, et al., Respondents. [671 NYS2d 870] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for retroactive membership in respondent New York State and Local Employees' Retirement System.

In January 1972, petitioner was hired by East Syracuse-Minoa Central School District as a teacher's aide under the Emergency Employment Act of 1971 (42 USC former § 4871 *et seq.*), a Federally funded program designed to provide public service jobs during times of high unemployment (*see,* Pub L 92-54, 85 US Stat 146). "General Appointment Notice[s]" in the record clearly indicate that petitioner's employment with the District between 1971 and 1975 was under this program. Petitioner was aware that the Emergency Employment Act was a Federally funded program and acknowledged that she did not know how her employment under it impacted her retirement eligibility.

At issue in this proceeding is petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System effective January 20, 1972. Following the District's denial of her application, a determination which was upheld by the Retirement System, petitioner sought and obtained administrative review by respondent Comptroller pursuant to Retirement and Social Security Law § 74. At the conclusion of the hearing that followed, the Comptroller denied her request for retroactive membership on the ground that, as a participant in the Emergency Employment Act, she was not eligible for membership at that time. Petitioner commenced this CPLR article 78 proceeding to annul the Comptroller's determination, which has been transferred to this Court (*see,* CPLR 7804 [g]).

In order to be eligible for retroactive membership in the Retirement System under Retirement and Social Security Law § 803 (b), an applicant must have been *"entitled* to join a public retirement system prior to the date on which the member actually joined" (emphasis supplied).[1] Pursuant to Retirement and Social Security Law § 40 (g) (1), the Comptroller may deny membership in the Retirement System to "any class of persons whose compensation is only partly paid by the state or a participating employer or who are serving on a temporary * * * basis". Here, the record reveals that the Comptroller, until September 1974, denied membership in the Retirement System to all Federally funded Emergency Employment Act employees.[2] Under these circumstances, we find that substantial evidence supports the Comptroller's determination that petitioner was not eligible for Retirement System membership in January 1972 (*see*, CPLR 7803 [4]; *Matter of Soronen v Comptroller of State of N. Y.*, 248 AD2d 789), thereby mandating confirmance.[3]

Petitioner's remaining contentions in support of annulment, to the extent they are preserved for review, have been reviewed and rejected as unpersuasive. Finally, in light of our resolution, we need not reach the District's alternative arguments in support of dismissal of the petition.

Mercure, J. P., White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

1. Petitioner ultimately joined the Retirement System in January 1975.

2. Significantly, the Court of Appeals notes in *Nassau Ch. of Civ. Serv. Empls. Assn. v County of Nassau* (53 NY2d 559, 563) that Federally funded county employees "were excluded from the New York State Employees Retirement System".

3. Unlike the procedural stance of the proceedings at issue in *Matter of Scanlon v Buffalo Pub. School Sys.* (90 NY2d 662), this Court is reviewing a determination by the Comptroller following an administrative hearing (as opposed to a determination following a "review process"); therefore, the appropriate standard of review is whether the Comptroller's determination is supported by substantial evidence (*see*, Retirement and Social Security Law § 74; CPLR 7803 [4]).