■ In the Matter of DIANE ANDRASIK, Respondent, v BOARD OF EDUCATION, DUNKIRK CITY SCHOOL DISTRICT, Appellant, and NEW YORK STATE TEACHERS' RETIREMENT BOARD et al., Respondents. [679 NYS2d 743] —Cardona, P. J. Appeal from a supplemental judgment of the Supreme Court (Kane, J.), entered December 19, 1997 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination by respondent Board of Education for

---

the Dunkirk City School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Following enactment of Retirement and Social Security Law § 803 (L 1993, ch 437), petitioner, a full-time teacher for the Dunkirk City School District in Chautauqua County since the 1973-1974 school year, applied for retroactive membership in respondent New York State Teachers' Retirement System (hereinafter TRS) for the period of time during the 1972-1973 school year when she worked as a substitute teacher. Respondent Board of Education for the Dunkirk City School District (hereinafter respondent) initially denied her application. Thereafter, petitioner participated in a review hearing conducted by respondent's Superintendent of Schools. After the hearing, the application was again denied and petitioner commenced this CPLR article 78 proceeding challenging respondent's determination. Thereafter, respondent moved to dismiss the petition for failure to state a cause of action. Finding respondent's determination to be arbitrary, capricious and lacking a rational basis, Supreme Court granted the petition and directed respondent to forward an executed employer's affidavit attesting to petitioner's eligibility for retroactive membership for the period in question. Respondent appeals.[1]

The central issue requiring resolution is whether petitioner proved by "substantial evidence" (Retirement and Social Security Law § 803 [b] [3]) that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * her to join [the TRS]" (Retirement and Social Security Law § 803 [b] [3] [iii]). At the hearing, petitioner testified that she never participated in such a procedure nor was she informed of her right to join the TRS. That testimony satisfied her initial "burden of going forward" with "substantial evidence" of her entitlement to retroactive membership under Retirement and Social Security Law § 803 (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677; *see, Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 862, *lv denied* 92 NY2d 805).

In rebuttal, respondent introduced the affidavit of Mary Gugino in which she stated that she was employed by respondent as its financial secretary from 1942 until 1976 and responsible for payroll administration and personnel-related forms. She further stated: "As a matter of routine, on the day each new staff member completed this paperwork, I explained

---

1. The State respondents have not appealed.

to them their option to join the Retirement System. I followed this procedure for all new District employees. I recall that many new employees declined to join the Retirement System because it required that a deduction be made from their paycheck". Additionally, respondent presented its business manager, Jean Szwejbka, and its account clerk, Beverly Marquardt, as witnesses. Szwejbka testified that in 1973 she was the secretary to the Assistant Superintendent of Schools and worked in the business office. She confirmed that Gugino was the financial secretary at that time, acknowledged that Gugino was responsible for advising new employees of their retirement system rights and states that, to her knowledge, Gugino did so.

Marquardt testified that as the account clerk she was responsible for maintaining the personnel files and performing the duties previously performed by the financial secretary. Marquardt stated that she reviewed Gugino's daily attendance record for January 1973 and confirmed that Gugino was present on January 15, 1973, the date that petitioner signed her employment forms.[2] Under questioning by respondent, petitioner expressed no clear recollection of filling out her employment forms nor what the procedure was on the first day she taught as a substitute, but remembered that she gave her employment forms "to whoever would have been secretary at the time". As previously noted, she did recall with clarity, however, that she was never advised of her option to join the TRS.

In our view, respondent's evidence was sufficient as a matter of law to establish that it had a district-wide policy of advising new employees of their eligibility in the TRS (*cf., Matter of Cleary v Board of Educ.*, 243 AD2d 949) and, therefore, had "a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * her to join [the TRS]" (Retirement and Social Security Law § 803 [b] [3] [iii]; *see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 680, *supra*). Whether petitioner participated in that procedure presented a credibility issue which the Hearing Officer was permitted to resolve against her and conclude that she did not meet her burden of demonstrating, by substantial evidence, her entitlement to retroactive membership under Retirement and Social Security Law § 803 (b) (3) (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra*, at 677; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 862, *supra*;

2. These forms consisted of the "Employee's Withholding Exemption Certificate" (W-4) and the "AMENDED OATH OF ALLEGIANCE" and were admitted into evidence.

*Matter of Chupka v Board of Educ.*, 240 AD2d 795, 796). As there is a rational basis in the record for respondent's determination, Supreme Court erred in granting the petition.

Mikoll, Mercure, Peters and Carpinello, JJ., concur. Ordered that the supplemental judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.