■ In the Matter of ROBERT E. MAHONEY et al., Petitioners, and MARILYN QUATRINI, Appellant, v BOARD OF EDUCATION FOR THE GREATER AMSTERDAM SCHOOL DISTRICT et al., Respondents. [681 NYS2d 385] —Graffeo, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered April 10, 1998 in Albany County, which dismissed petitioner Marilyn Quatrini's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review a determination of respondent Board of Education for the Greater Amsterdam School District denying her application for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner Marilyn Quatrini began her employment with the Greater Amsterdam School District (hereinafter the district) in the fall of 1970 as a substitute teacher and worked in that capacity until December 1972. In November 1975 she resumed her employment as a substitute until accepting full-time employment with the district in 1979 and has remained so employed to the present. In 1996 petitioner applied for retroactive membership in respondent New York State Teachers'

2. dBA is a measurement of sound expressed in decibels.

Retirement System (hereinafter the TRS) pursuant to Retirement and Social Security Law § 803. After being advised that her application was denied, she sought and obtained reconsideration by respondent Board of Education for the Greater Amsterdam School District (hereinafter respondent). At the conclusion of the hearing, petitioner's application was denied. Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination. Supreme Court dismissed the petition and this appeal ensued.

Initially, we find that petitioner is only eligible for retroactive membership in the TRS from November 1975 until 1979, when she automatically became a member with full-time service. Pursuant to Retirement and Social Security Law § 803 (b) (2), a break from service in excess of two years is deemed to sever the continuous service requirement. Therefore, petitioner may not seek retroactive benefits for service prior to November 1975.

Petitioner contends that she has proven by substantial evidence that she neither participated in a procedure that a reasonable person would recognize as an opportunity to join the TRS nor declined to join when first employed by the district (*see*, Retirement and Social Security Law § 803 [b] [3]). We agree. Since petitioner asserted that she did not participate in such a procedure and did not decline to participate in the TRS, she has satisfied her burden of proof (*see*, *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, *lv denied* 92 NY2d 805; *Matter of Weston v Board of Educ.*, 245 AD2d 722). Therefore, the relevant inquiry is whether there was a rational basis for respondent's decision to deny petitioner retroactive membership in the TRS (*see*, *Matter of Sadoff v Ithaca City School Dist.*, *supra*, at 862).

In its finding that petitioner participated in a procedure which a reasonable person would recognize as an explanation or request requiring a formal decision of whether to join the TRS, respondent relied upon the affidavits of two former employees who indicated that each newly hired substitute teacher was required to seek the assistance of the finance office to complete payroll forms and was asked whether he or she was a member of the TRS and, if not, whether he or she wanted to become a member. Petitioner, however, submitted statements of substitute teachers hired at approximately the same time as petitioner which established that similarly situated teachers did not participate in any procedure providing them with an opportunity to become a member of the TRS. Respondent has

submitted no evidence to contradict these statements or to support its proposition that similarly situated teachers participated in such a procedure (*see, Matter of Gregory v Bemus Point Cent. School Dist.*, 237 AD2d 887, 888-889; *compare, Matter of Plasberg v State of New York*, 245 AD2d 681).

Contrary to respondent's contention, the fact that the TRS retirement number on petitioner's application form was blank did not establish that petitioner made a decision to decline membership in the TRS, especially in light of the fact that petitioner had no prior experience with the TRS (*see, Matter of Cleary v Board of Educ.*, 243 AD2d 949, 950-951). The application form was merely designed to gather information with respect to payroll and neither provided information concerning the TRS nor notified the applicant of the opportunity to join the TRS (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra*, at 679). Therefore, respondent incorrectly relied upon this document in its determination that petitioner participated in a procedure which a reasonable person would view as a request to join the TRS.

Lastly, the fact that other substitute teachers may have joined the TRS between 1968 and 1974 did not establish that petitioner had an opportunity to join in the absence of an explanation as to how other substitute teachers were provided with TRS eligibility information or similarities to petitioner's situation (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra*, at 679; *Matter of Van Antwerp v Board of Educ.*, 247 AD2d 676).

Based on the foregoing, respondent failed to provide a rational basis for denying petitioner's application for retroactive membership and, therefore, Supreme Court improperly dismissed the petition (*see, Matter of Sadoff v Ithaca City School Dist., supra*).

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination annulled, petition granted and matter remitted to respondent Board of Education for the Greater Amsterdam School District to file an affidavit pursuant to Retirement and Social Security Law § 803 (b) (3) stating that petitioner is eligible for retroactive membership in the New York State Teachers' Retirement System for the period November 1975 through 1979.