(May 27, 1999)

■ In the Matter of FRANCES PRICE, Respondent, v BOARD OF EDUCATION, DUNKIRK CITY SCHOOL DISTRICT, Appellant, and NEW YORK STATE TEACHERS' RETIREMENT SYSTEM et al., Respondents. [690 NYS2d 764] —Peters, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered January 21,

1998 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education, Dunkirk City School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Although petitioner commenced her work as a part-time substitute teacher with the Dunkirk City School District (hereinafter the District) in 1969, she became eligible for membership in respondent New York State Teachers' Retirement System (hereinafter the TRS) when she worked more than 20 days in each year, commencing in 1971 and ending in 1977, with the exception of the 1973-74 school year. In 1976, petitioner first joined the TRS and has continuously remained a member. After 1977, she worked in several other school districts as a substitute teacher until 1983 when she was hired, full-time, by the Silver Creek Central School District.

In 1996, pursuant to Retirement and Social Security Law § 803, petitioner applied for retroactive membership in the TRS, which was denied by the District. Pursuant to a review hearing conducted by the Superintendent of Schools, petitioner's application was again denied and, subsequently, that determination was affirmed by respondent Board of Education, Dunkirk City School District (hereinafter the Board). Petitioner thereafter commenced this CPLR article 78 proceeding to annul the Board's determination. After joinder, the Board moved to dismiss the petition for failure to state a cause of action as had both the TRS and respondent New York State Teachers' Retirement Board (hereinafter collectively referred to as the State respondents). Supreme Court granted petitioner's application, reasoning that the Board's determination was affected by an error of law, was arbitrary and capricious and without a rational basis. The Board appeals.[1]

It is undisputed that petitioner established prima facie that she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * her to join [the TRS]" (Retirement and Social Security Law § 803 [b] [3] [iii]), nor declined to do so when first employed by the District (*id.*; *see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677-678; *Matter of Mahoney v Board of Educ.*, 256 AD2d 796; *Matter of Andrasik v Board of Educ.*, 255 AD2d 661, *lv denied* 93 NY2d 801; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, *lv denied*

---

**1.** The State respondents have taken no position with respect to the merits of this appeal.

92 NY2d 805). Hence, the sole issue for our determination is whether a rational basis exists to support the denial of petitioner's application (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra; Matter of Mahoney v Board of Educ., supra; Matter of Andrasik v Board of Educ., supra*). Upon our review, we find the denial amply supported.

Petitioner testified that when she initially commenced her employment with the District in 1969, she did not recall participating in any employee intake procedures yet acknowledged her signature on a W-4 form presented at the hearing. She did, however, contend that she was never informed of her right to be a member of the TRS, had not denied membership in writing and did not participate in any procedure which would have required a formal decision by her with respect to joining the TRS. In support thereof, she submitted seven affidavits and one letter from other substitute teachers who worked in the District at various times, each mirroring petitioner's contention that they were not informed of the availability of membership in the TRS at the commencement of their employment.

In rebuttal, the District introduced the affidavit of Mary Gugino, its financial secretary from 1942 to 1976, who was responsible for payroll administration and personnel-related forms, including the W-4 form, and who averred that as a matter of routine, she would meet with new District employees to complete their paperwork and would explain to them their option of joining the TRS. This statement was supported by a job survey conducted by the Civil Service Department which recorded all of Gugino's duties during the week of March 9 through 13, 1970—less then four months after petitioner's first employment date. That survey serves to corroborate Gugino's reported practice and procedure with all new District employees since it details that she had, in fact, provided such an explanation concerning the availability of membership in the TRS with another new employee.

Additionally, respondent presented the testimony of Jean Szwejbka, secretary to the District's Supervisor of Buildings and Grounds in 1969, who confirmed Gugino's statement that a regular part of her job was to meet with new employees and advise them of their retirement system rights. District attendance records further established that Gugino was at work on the date that petitioner was present at the District office for her new employee orientation. Moreover, petitioner's employment records for November 1969 contained a statement, similar to that appearing in her record card for 1970, to the effect

that petitioner was eligible to become a member of the retirement system but did not choose to belong.[2]

The affidavits submitted by petitioner were challenged at the hearing upon various grounds. Some were challenged as being from employees who had pending claims for retroactive membership, others from persons employed outside of the time that petitioner began her work for the District, while still others alleged that the affiants were not informed of their right to join the TRS yet had employment records indicating that they were, in fact, sporadically members of the TRS during their substitute service for the District. Since these issues distill to credibility determinations which the Superintendent of Schools was permitted to resolve against petitioner (*see, Matter of Andrasik v Board of Educ., supra*), we find no basis to disturb them.

As we acknowledged in *Matter of Andrasik v Board of Educ.* (*supra*), the evidence presented by the District was sufficient "as a matter of law to establish that it had a district-wide policy of advising new employees of their eligibility in the TRS * * * and, therefore, had 'a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by * * * [petitioner] to join [the TRS]' " (*id.*, at 663 [citation omitted], quoting Retirement and Social Security Law § 803 [b] [3] [iii]).

Finding a rational basis to support the determination rendered, we reverse the judgment of Supreme Court.

Mercure, Crew III and Yesawich Jr., JJ., concur.

Mikoll, J. P. (dissenting). I respectfully dissent.

Petitioner herein was initially hired by the Dunkirk City School District (hereinafter the District) as a part-time substitute teacher in 1969, but was not eligible to join respondent New York State Teachers' Retirement System (hereinafter the TRS) until 1971, when she worked more than 20 days. Petitioner testified that she neither declined membership in the TRS nor participated in any procedure requiring her to make a formal decision with regard to joining. This testimony satisfied her burden of proof (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662; *Matter of Mahoney v Board of Educ.*, 256 AD2d 796; *Matter of Sadoff v Ithaca City School Dist.*, 246 AD2d 861, *lv denied* 92 NY2d 805). In addition, she presented evidence from eight other similarly situated employees who stated that they were not informed of their right to join the TRS when they worked for the District. Although some

_____

2. Petitioner's 1971 record card contains a similar phrase.

of these statements were challenged based upon their own pending claims, several such witnesses were wholly disinterested.

The District countered with the now-familiar affidavit of its former financial secretary, Mary Gugino, corroborated by the testimony of other employees, to establish that petitioner did in fact participate in a procedure wherein her option to join the TRS was explained. In her affidavit, Gugino averred that her duties included arranging "for all new District staff to complete all payroll and personnel-related forms, including Federal Employee's Withholding Allowance Certificate (Form W-4) and the District's Oath of Allegiance. As a matter of routine, on the day each new staff member completed this paperwork, I explained to them their option to join the [TRS]. I followed this procedure for all new District employees. I recall that many new employees declined to join the [TRS] because it required that a deduction be made from their paycheck."[1] The majority, citing our decision in *Matter of Andrasik v Board of Educ.* (255 AD2d 661, *lv denied* 93 NY2d 801), finds that the District's evidence was sufficient "as a matter of law to establish that it had a district-wide policy of advising new employees of their eligibility in the TRS", and sustains the District's denial of the claim.

I am in full accord with the well-reasoned and factually supported decision of Supreme Court, and would affirm. In my view, the majority's reliance on our decision in *Andrasik (supra)* is misplaced. Upon markedly different facts and proof, we held in *Andrasik* that the petitioner therein did not adequately meet her burden of demonstrating entitlement to retroactive membership in the TRS. That the petitioner in *Andrasik* failed, in part, as a result of the Gugino affidavit does not invest that evidence with any significance in this case. Whereas the petitioner in *Andrasik* was employed as a full-time teacher in 1973, and hence was immediately eligible for membership in the TRS, petitioner herein was employed as a part-time substitute in 1969 and returned in that capacity in subsequent years, not becoming eligible for membership in the TRS until 1971. The credibility of the testimony of the petitioner in *Andrasik* that she was not offered an opportunity to join the TRS

---

1. Interestingly, and indicative of the inappropriateness of wholesale adoption of the Gugino affidavit, petitioner's membership in the TRS in 1971 would have been at the Tier I, a non-contributory level, although participation would have entailed withholding of Social Security tax. Because Gugino was unavailable to testify, we do not know whether her affidavit refers to Social Security withholding or contributions to the TRS.

was undermined by her conceded failure to recall signing either her W-4 form or oath of allegiance, both of which were presented and received into evidence. Here, petitioner's oath of allegiance card (execution of which was part of the Gugino "routine") was never produced by the District. Although petitioner acknowledged at the hearing that she signed a W-4 form, no such form was entered into evidence and, therefore, there is no way of telling when it was signed. Nonetheless, the majority apparently accepts the Gugino affidavit to establish that petitioner not only signed a W-4 form in 1969, but at the same time was advised of her "right"[2] to participate in the retirement system and declined to do so. The Gugino affidavit does not address the District's procedure for part-time substitutes returning to the District in succeeding years. It is therefore unknown whether these substitute teachers were considered "new" employees for purposes of undergoing the payroll process, including executing new W-4 forms. Gugino was unavailable for cross-examination which could have elicited a definitive response as to when, if ever, the District's standard procedure was employed with respect to part-time substitute teachers, and illumined other problematic areas, such as the absence of petitioner's oath of allegiance card.

For these reasons, I do not believe that the District's use of the Gugino affidavit and accompanying employee testimony sufficiently refuted petitioner's testimony, supported by documentary evidence of other similarly situated former employees, that she was not afforded an opportunity to join the TRS, and accordingly there was no rational basis upon which to deny her claim (*see, Matter of Mahoney v Board of Educ.*, 256 AD2d 796, *supra*).

Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

FOURTH DEPARTMENT, MAY, 1999

(May 7, 1999)

2. As noted, petitioner was not eligible to join the TRS until 1971.