■ In the Matter of JACQUELYN A. LAWLOR, Petitioner, v BOARD OF EDUCATION, SOUTH COLONIE SCHOOL DISTRICT et al., Respondents. [692 NYS2d 787] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System.

Petitioner was hired in November 1975 as a "Substitute School Monitor-Cafeteria" for respondent South Colonie Central School District (hereinafter the District) in the Town of Colonie, Albany County, and was assigned to work part time at Lisha Kill Middle School in May 1976. In November 1977 she was transferred to Sand Creek Middle School where she worked until her resignation in June 1979, at which time she

commenced full-time employment with the Town and became a member of respondent New York State and Local Employees' Retirement System. In 1995 petitioner applied for retroactive membership in the Retirement System pursuant to Retirement and Social Security Law § 803. After being advised of the denial of her application, she sought and obtained reconsideration by the Administrative Review Board of the Retirement System which upheld the District's determination. Following a hearing and redetermination by respondent Comptroller pursuant to Retirement and Social Security Law § 74, it was found that petitioner was not entitled to retroactive membership. This CPLR article 78 proceeding was commenced by petitioner to annul the Comptroller's determination and was transferred to this Court pursuant to CPLR 7804 (g).

In order to be eligible for retroactive membership in the Retirement System, petitioner had the initial burden to demonstrate that she did not: "(i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system [supported by documentation] or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system (Retirement and Social Security Law § 803 [b] [3])" (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 671-672). Because petitioner affirmatively asserted that she was not provided with an opportunity to join the Retirement System, she satisfied her initial burden of entitlement (*see, Matter of Gizzi v New York State Off. of Gen. Servs.*, 257 AD2d 815, 817; *Matter of Andrasik v Board of Educ.*, 255 AD2d 661, 662, *lv denied* 93 NY2d 801). However, we conclude that the District's proof, which was found credible, was sufficient to overcome petitioner's *prima facie* entitlement based on testimony presented that petitioner was, in fact, provided with an opportunity to join the Retirement System (*see, Matter of Gizzi v New York State Off. of Gen. Servs., supra*, at 33).

During the hearing, Donald McDonald, the Assistant Superintendent of the District, testified that packets of information were provided to each noninstructional employee upon appointment. The packets included information pertaining to the opportunity to join the Retirement System. The District further alleged that petitioner received the new employee packet on two occasions, at the time of her original appointment in November 1975 and again in March 1976 when she changed positions. Petitioner's completed W-4 and IT-2104 tax forms, which the District claimed were distributed with the packets,

supported the District's contention that petitioner received the packet. Also, an undated letter advising new part-time employees of their right to join the Retirement System was one of the documents customarily placed in the new employee packets. Additional evidence included the fact that two part-time noninstructional employees who were hired at the same time as petitioner and who had worked approximately the same number of hours per day as petitioner had opted to join the Retirement System. Therefore, the District met its burden of establishing that it had a "district-wide policy of advising new employees of their eligibility to join the Retirement System * * * 'a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision' " by petitioner to join the Retirement System (*Matter of Wilson v Board of Educ.,* 257 AD2d 841, 843 [citations omitted], quoting Retirement and Social Security Law § 803 [b] [3] [iii]).

Although petitioner submitted evidence that she was not provided the opportunity to join the Retirement System in contradiction to the District's evidence, the Hearing Officer's determinations regarding credibility issues should not be disturbed (*see, Matter of Andrasik v Board of Educ., supra,* at 745; *Matter of Davis v Stolzenberg,* 228 AD2d 770, 770-771). Petitioner alleges that two school principals advised her that employees who worked less than four hours a day were not eligible for membership in the Retirement System. However, one of these supervisors testified that while it was his belief that part-time employees had to work at least four hours per day, if an employee inquired about Retirement System eligibility he would advise the employee to check with the District's business office, and he indicated that he had no recollection of a discussion about these issues with petitioner. Therefore, we find no reason to disturb the credibility assessments made by the Hearing Officer despite his erroneous reliance on State Administrative Procedure Act § 306 as relevant to a standard of proof analysis in Retirement and Social Security Law § 803 cases. Furthermore, this Court should not weigh conflicting evidence or substitute its judgment even where the record may support an opposite result (*see, Matter of Johnsen v New York State Police & Fire Retirement Sys.,* 246 AD2d 784, 786, *lv denied* 91 NY2d 814).

Upon our review of the entire record, we conclude that the Comptroller's determination that petitioner was provided an opportunity to join the Retirement System was supported by substantial evidence (*see, Matter of Krak v McCall,* 249 AD2d 821, 822, n 3; *see also, Matter of Andrasik v Board of Educ., supra*; CPLR 7803 [4]).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.