■ In the Matter of BROCKPORT CENTRAL SCHOOL DISTRICT, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [704 NYS2d 714] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by an order of the Supreme Court, entered in Albany County) to review a determination of the Comptroller which

granted respondent Donna Baker's request for retroactive membership in respondent New York State and Local Employees' Retirement System.

Respondent Donna Baker filed an application pursuant to Retirement and Social Security Law § 803 seeking membership in respondent New York State and Local Employees' Retirement System (hereinafter the Retirement System) retroactive to the commencement of her employment as a school bus driver with petitioner in September 1981. Baker's application was initially denied by petitioner and a hearing ensued, following which the Comptroller granted the application finding that Baker established that, *inter alia,* she did not participate in a procedure a reasonable person would recognize as an explanation or request requiring a formal decision whether to join the Retirement System. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the determination and the matter was transferred to this Court.

We confirm. Baker's initial burden of coming forward with sufficient evidence to demonstrate her entitlement to retroactive membership was satisfied by her testimony that she was not advised of her right to join the Retirement System when she commenced employment with petitioner (*see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662, 677-678; *Matter of Chandler v Board of Educ.,* 259 AD2d 935, 936). Once this showing was made, the focus shifted to whether petitioner's denial of the request for retroactive membership was supported by a rational basis (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra,* at 678; *Matter of Price v Board of Educ.,* 261 AD2d 816, 818, *lv denied* 93 NY2d 817; *Matter of Regan v Board of Educ.,* 260 AD2d 846, 847).

In support of petitioner's claim that Baker participated in a procedure designed to advise new employees of their eligibility to join the Retirement System, petitioner's director of personnel testified that petitioner's former office manager stated during two telephone conversations that she informed new employees of their right to join the Retirement System during the time period when Baker commenced her employment. In addition, petitioner submitted a one-page form entitled "JOB APPOINTMENTS (Initial appointment)," which was signed by Baker and required her to indicate, among other things, whether she agreed to gross salary deductions for "Civil Service Retirement Plan," "Social Security" and "Health Insurance." An "X" had been placed over the letters corresponding to the retirement plan and social security options, which petitioner contends represented Baker's indication that she expressly declined to join the Retirement System.

Baker explained, however, that if she had placed an "X" over the letter corresponding to "Civil Service Retirement Plan" and "Social Security," she merely intended to indicate that she wished to receive those benefits. Baker further testified that she did not place an "X" over the letter corresponding to "Health Insurance" because she was covered under her husband's health insurance plan and did not require additional coverage. Moreover, Baker testified that she never spoke to the officer manager and was never informed that the phrase "Civil Service Retirement Plan" referred to the Retirement System.

In view of this conflicting evidence, whether Baker was entitled to retroactive membership under Retirement and Social Security Law § 803 presented a credibility issue which the Hearing Officer was permitted to resolve in Baker's favor (*see, Matter of Lawlor v Board of Educ.,* 263 AD2d 599, 601; *Matter of Chandler v Board of Educ., supra; Matter of Andrasik v Board of Educ.,* 255 AD2d 661, *lv denied* 93 NY2d 801). Although there may have been evidence to support a contrary conclusion, it is not this Court's function to weigh conflicting evidence or to substitute its judgment even where the record may support an opposite result (*see, Matter of Lawlor v Board of Educ., supra,* at 601). Based upon our review of the record, we perceive no basis to disturb the Comptroller's determination (*see generally, Matter of Price v Board of Educ.,* 261 AD2d 816, *supra; Matter of Krak v McCall,* 249 AD2d 821, 822).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.