■ In the Matter of BROOKHAVEN-COMSEWOGUE UNION FREE SCHOOL DISTRICT, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [739 NYS2d 485]

—Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which granted respondent Elinor Wiskoff's request for retroactive membership in respondent New York State and Local Employees' Retirement System.

Respondent Elinor Wiskoff worked as a part-time substitute Spanish teacher for petitioner from September 1986 to February 1987 and September 1987 to June 1988, but did not enroll in a public retirement system. Wiskoff enrolled in respondent New York State and Local Employees' Retirement System (hereinafter ERS) in October 1988 while employed as a librarian at the Middle Country Public Library. In October 1996, Wiskoff applied for retroactive membership in the New York State Teachers' Retirement System based on the period she worked for petitioner, under the provisions of Retirement and Social Security Law § 803. Her application was denied, petitioner having submitted an affidavit stating that it had determined that Wiskoff had "completed an employment application which asked [r]etirement related questions" (see, Retirement and Social Security Law § 803 [b] [3] [iii]), and an ERS administrative review board upheld the denial of Wiskoff's application. After a hearing before a Hearing Officer and redetermination held pursuant to Retirement and Social Security Law § 74, however, respondent Comptroller granted Wiskoff's application, prompting petitioner's commencement of this CPLR article 78 proceeding to annul the Comptroller's determination, which was transferred to this Court pursuant to CPLR 7804 (g).

To be eligible for retroactive membership in a public retirement system, an applicant has the burden of demonstrating, by substantial evidence, that he or she: "did not (i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed * * *; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3]). Under that statute an applicant's "assertions, without more, can constitute substantial evidence" (Matter of Scanlan v Buffalo Pub. School Sys., 90 NY2d 662, 675; see, Matter of Sadoff v Ithaca City School Dist., 246 AD2d 861, 862, lv denied 92 NY2d 805). Wiskoff's testimony contradicted petitioner's expressed reason for the denial of her ap-

plication for retroactive membership and satisfied her initial burden of coming forward with sufficient evidence (*see, e.g., Matter of Brockport Cent. School Dist. v New York State & Local Employees' Retirement Sys.*, 270 AD2d 706, 707). Therefore, our focus turns to whether petitioner presented sufficient credible proof to overcome Wiskoff's prima facie showing (*see, e.g., Matter of Lawlor v Board of Educ., S. Colonie School Dist.*, 263 AD2d 599, 600; *Matter of Van Antwerp v Board of Educ. for Liverpool Cent. School Dist.*, 247 AD2d 676, 678).

Petitioner first argues that the Comptroller's determination was based on the incredible testimony of Wiskoff and her "somewhat selective" memory. However, the Hearing Officer accepted Wiskoff's version of the facts which he was permitted to do (*see, Matter of Brockport Cent. School Dist. v New York State & Local Employees' Retirement Sys., supra* at 708).

Petitioner's second argument, that Wiskoff participated in a disqualifying procedure set forth in Retirement and Social Security Law § 803 (b) (3) by completing her August 1986 employment application, is also rejected. That application requested Wiskoff to identify her retirement plan number and the name of the plan, but did not explain the Teachers' Retirement System or invite her to join. Documents which seek only answers to payroll related questions rather than providing information have been held to be insufficient to put a person with no experience with such retirement systems on notice of an opportunity to enroll therein (*see, Matter of Scanlan v Buffalo Pub. School Sys., supra* at 679).

Moreover, petitioner did not present any witnesses or documentary evidence at the hearing, choosing only to challenge Wiskoff's credibility and rely upon the existing documentary evidence already considered by the ERS review board, including Wiskoff's June 21, 1991 handwritten note to the ERS.* The probative value to be given to such evidence was a decision which rests with the Comptroller (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 444; *Matter of Collins v Codd*, 38 NY2d 269, 270-271), and it is not this Court's function to weigh conflicting evidence or substitute our judgment for that of the Comptroller (*see, Matter of Brockport Cent. School Dist. v New York State & Local Employees' Retirement Sys., supra*). Notably, the Comptroller determined that "[Wiskoff's] prior statement does not support the conclusion that [she] participated in a procedure which would exclude her from retroactive

---

* In that note Wiskoff stated: "I was employed * * * by [petitioner] from Sept., 1986 to Feb., 1987 and Sept. 1987 to June, 1988, but I was not a part of any retirement system by my own choice."

benefits under any of the three prongs in the statutory test." Consequently, we find that the Comptroller did not abuse his discretion nor act in an arbitrary and capricious fashion in granting Wiskoff's application for retroactive membership in the ERS.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

