■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, Respondent, v SOUTH GLENS FALLS CENTRAL SCHOOL DISTRICT et al., Appellants. [802 NYS2d 517]—

Peters, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered February 16, 2005 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Education of the South Glens Falls Central School District denying petitioner's grievance.

Sandra Vance, a bargaining unit member of petitioner, retired from her position with respondent South Glens Falls Central School District in August 2002. At that time, Vance and her husband were both covered under her two-person health insurance plan and she elected to continue that coverage by applying accrued sick leave as provided in the collective bargaining agreement (hereinafter the agreement) between petitioner and the District. Accordingly, coverage for herself and her husband would continue through February 2007. In December 2002, Vance passed away. Subsequently, the District notified her husband that his health insurance would be canceled unless he elected to continue coverage through COBRA.

Petitioner filed a grievance with regard to the interpretation of the relevant portion of the agreement, which provides that "[t]he surviving dependent(s) of a retiree shall be eligible to retain such benefit for the period of the retiree's entitlement, provided such person(s) was initially included in the two-member or family coverage." The District denied the grievance in stage one and the parties agreed to forgo stages two and three, proceeding directly to arbitration. The arbitrator found that the term "surviving dependent" as used in the agreement was intended to include surviving spouses such as Vance's husband and recommended reinstatement of his health insurance. Respondent Board of Education of the South Glens Falls Central School District rejected the arbitrator's recommendation and denied petitioner's grievance. Supreme Court subsequently granted petitioner's application to annul the Board's determination. Respondents appeal.

The Board's determination must be upheld unless it is affected by an error of law, is arbitrary and capricious or is without a rational basis (see CPLR 7803; *Matter of Conley v Ambach*, 61 NY2d 685, 687 [1984]; *Matter of Price v Board of Educ., Dunkirk City School Dist.*, 261 AD2d 816, 819 [1999], *lv denied* 93 NY2d 817 [1999]; *Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills*, 250 AD2d 122, 126 [1998], *lv denied* 93 NY2d 803 [1999]). We agree with Supreme Court's finding that the Board's determination was arbitrary and capricious. The term "surviving dependent" must be interpreted within the context of the agreement and the intent of the par-

ties (*see Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 9-10 [1997]; *Civil Serv. Empls. Assn., Inc. v Plainedge Union Free School Dist.*, 12 AD3d 395, 396 [2004]; *Todd v Grandoe Corp.*, 302 AD2d 789, 790 [2003]; *Elletson v Bonded Insulation Co.*, 272 AD2d 825, 827 [2000]). The intent of the relevant provision is to provide continuing health insurance coverage for the retiree's surviving dependents in the event of the retiree's death. It is only rational to include a retiree's spouse who relied upon the retiree's two-person or family health insurance plan for coverage as a dependent of the retiree for health insurance purposes.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.