■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WOODS, Appellant. [815 NYS2d 843]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered February 5, 2004. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Although the People failed to present evidence on the issue of defendant's risk level, County Court confirmed that defendant had previously been assessed a level three risk when he was placed on probation for the offense at issue. Consequently, defendant may challenge that assessment only by way of a petition to modify

the level of notification (*see* § 168-*o* [2]). The contention of defendant that the court erred in confirming that he had previously been assessed a level three risk by using the database on a Web site maintained by the Department of Correctional Services (DOCS) is without merit. DOCS is required to make such records "available at all times on the internet" (§ 168-q [1]), and the court is entitled to take judicial notice of facts appearing in such public records (*see generally People v Sanchez*, 98 NY2d 373, 401 n 13 [2002]; *Affronti v Crosson*, 95 NY2d 713, 720 [2001], *cert denied* 534 US 826 [2001]; *Matter of Soronen v Comptroller of State of N.Y.*, 248 AD2d 789, 791 n 1 [1998]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.