◼ In the Matter of JOSEPH R. RILEY, as Town Supervisor of the Town of Clifton Park, et al., Appellants, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents. [597 NYS2d 186] —Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered January 31, 1992 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondents to remit to petitioner Town of Clifton Park a specific sum of money in connection with proceedings held in the Town Justice Court involving violations of the ECL.

Five individuals were charged in 10 simplified environmental conservation informations (CPL 100.10 [2] [c]) with violating various sections of the ECL. A stipulation agreement was entered into and the Justice Court of petitioner Town of Clifton Park imposed a fine of $20,000, which was paid to respondent State of New York. For the services provided by the Town in this matter, respondents paid the sum of $110 pursuant to General Municipal Law § 99-l. Petitioners commenced this proceeding to compel respondents to remit to the

Town $24,000, arguing that the parties involved committed 2,400 offenses (based on the 240 days each offense continued to exist) which, for purposes of General Municipal Law § 99-*l* (a), constituted 2,400 cases. We agree with Supreme Court that the interpretation of the statute advanced by petitioners would create not only an unreasonable result, but one not contemplated by the Legislature when the statute was enacted.

General Municipal Law § 99-*l* (a) provides in relevant part that a town is "entitled to receive for [its] services of the town court * * * in each *case* of a misdemeanor or other offenses * * * ten dollars" (emphasis supplied).* A case is defined as "an action, cause, suit, or controversy" (Black's Law Dictionary 195 [5th ed 1979]). The five individuals involved were charged in separate informations with only two offenses each, not 480 each. Contrary to any argument raised by petitioners, the 240 days for each offense does not amount to a different case, as that term is used in the statute, but merely represents the duration of each offense. Consequently, the fact that each offense lasted for 240 days does not, for purposes of General Municipal Law § 99-*l* (a), elevate the number of cases from 10 to 2,400 as petitioners suggest.

Legislative history establishes that the purpose of the statute was to reimburse local courts for their efforts on behalf of the State in relation to the processing of those types of offenses listed in the statute (Sponsor's Mem, Governor's Bill Jacket, L 1939, ch 737). As local courts began providing services formerly provided by the State for which the State was receiving fines, the Legislature felt that those courts should get a fee to compensate for court costs *(see, id.).* As respondents point out, if petitioners' interpretation was correct the assessment of fees would be grossly disproportionate to the services rendered, i.e., the processing of 11 documents. Because respondents' interpretation of the statute is reasonable and rational, it must be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Pierce v Regan,* 98 AD2d 830; *Matter of Mirando v Regan,* 95 AD2d 909, 909-910).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Respondents paid the Town $10 for each of the 10 informations filed against the five individuals. Respondents also determined that any ambiguity regarding the stipulation agreement should be resolved in favor of petitioners and, therefore, they paid an additional $10 for the document too.