■ In the Matter of I. JACKIE KELLEY, Petitioner, v COMPTROLLER OF THE STATE OF NEW YORK et al., Respondents. [671 NYS2d 808] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Employees' Retirement System.

On April 12, 1973, respondent Shenendehowa Central School District (hereinafter the District) appointed petitioner to the full-time position of teacher aide. Although eligible to join respondent New York State and Local Employees' Retirement System, petitioner did not do so until 1974. In February 1994, petitioner, pursuant to Retirement and Social Security Law § 803 (b) (1), filed an application with the Retirement System for retroactive membership to April 1973. The District filed an affidavit denying the application and, apparently, in December 1994 the Retirement System's Administrative Review Board determined that petitioner was not entitled to retroactive membership.* Petitioner then requested an administrative hearing and redetermination. Following the evidentiary hear-

---

* This determination is referred to in the record but not included therein.

ing, the Hearing Officer approved petitioner's application, concluding that the District's disapproval failed to meet the requirements set forth in Retirement and Social Security Law § 803. Thereafter, respondent Comptroller issued a determination overruling the Hearing Officer's conclusion on the ground that petitioner did not satisfy the burden of proof imposed on her by the subject statute. This CPLR article 78 proceeding ensued.

Under Retirement and Social Security Law § 803 (b) (3), an applicant for retroactive membership in a pension system must establish by substantial evidence, *inter alia*, that he or she did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system". Generally, this burden is satisfied by the applicant's assertion that he or she was never informed of the right to join a retirement system (*see, Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 677-678).

In this instance, petitioner produced a letter dated April 13, 1973 from the District informing her of her appointment and further stating: "An application for membership in the NYS employees [*sic*] Retirement System is also enclosed. Membership in the system is optional. Kindly complete this application and file it with us as soon as possible if you wish to join." Petitioner explained that she did not join because the application form was not enclosed in the letter and, as the letter was a form letter covering all employees, she assumed that the absence of the form meant that she was not eligible to join the Retirement System. She admitted that she made no inquiries regarding her eligibility and conceded that joining the Retirement System at that time was not one of her concerns.

We have held that an employer who orally advised its employee of his option to join the Retirement System had a rational basis for denying retroactive membership (*see, Matter of Plasberg v State of New York*, 245 AD2d 681). Clearly, this case presents stronger evidence of notification. The fact that the application form may not have been enclosed in the April 13, 1973 letter does not negate the letter's import for, in our view, a reasonable person reading its contents would have been alerted to the opportunity to join the Retirement System and would have made further inquiry if interested in doing so, which petitioner conceded she was not. In light of these circumstances, we conclude that petitioner did not satisfy her burden and, accordingly, confirm the Comptroller's determination. We also note that this determination is in accord with

Retirement and Social Security Law § 803, which was not designed to provide relief to members who failed to join the Retirement System when first eligible due to their negligence or improvidence (*see,* Governor's Mem, 1993 McKinney's Session Laws of NY, at 2896).

Cardona, P. J., Mercure and Carpinello, JJ., concur.

Mikoll, J. (dissenting). I respectfully dissent.

Petitioner clearly satisfied her burden of going forward under Retirement and Social Security Law § 803 (b) (3) (*see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662). Petitioner established that she neither expressly declined membership nor participated in a procedure designed to elicit a decision regarding same. When she received the April 13, 1973 form letter from respondent Shenendehowa Central School District (hereinafter the District), the only enclosures contained therein were multiple copies of her salary agreement. While the letter stated that a physical examination form and an application for membership in respondent New York State and Local Employees' Retirement System were also enclosed, petitioner testified that there were no such enclosures. Petitioner had no prior familiarity with the Retirement System, and was employed in a relatively new position which did not enjoy the same benefits as other employees, e.g., she was not represented by a bargaining unit. She explained that as the letter was a form letter, a fact clearly borne out by an examination of the exhibit, she assumed that certain parts thereof applied to her and some did not. Since the retirement forms were not included, she testified that she assumed that they did not pertain to her. As soon as she learned of her eligibility to join the Retirement System in 1974, she did so.

The District offered no evidence that the enclosures were in fact sent to petitioner, that she expressly declined membership, or that she otherwise participated in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision as to whether to join the Retirement System.

In overruling the determination of the Hearing Officer, which held that petitioner established her entitlement to retroactive benefits, respondent Comptroller found that this determination was "incorrect and erroneous as a matter of law". Specifically, the Comptroller found that by virtue of the language contained in the form letter sent to petitioner, she "was afforded a reasonable opportunity to join the Retirement System". This finding paraphrases, with significant omissions, the applicable provision of Retirement and Social Security Law § 803 (b) (3) (iii),

which requires proof that the applicant did not "participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system". Also, in adopting the Hearing Officer's findings of fact, the Comptroller accepted petitioner's testimony (indeed, there was no proof to the contrary) that no application form was enclosed with the letter.

The question then reduces to whether a reasonable person would interpret the language of the form letter, in light of the absence of the application, as constituting "an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]). I disagree with the majority's assumption that "a reasonable person reading [the letter's] contents would have been alerted to the opportunity to join the Retirement System" as a satisfaction of the statutory criterion. In this regard, a similar situation was presented in *Matter of Kaufman v Board of Educ.*, decided with *Matter of Scanlan v Buffalo Pub. School Sys.* (90 NY2d 662, *supra*), where the school district relied on the presence of questions contained on an annual employment form completed by the teachers asking, " 'Are you at present a member of the New York State Teacher's Retirement System?' " (*id.*, at 679). While surely this question could be construed as alerting a reader to the opportunity to join the Retirement System, the Court of Appeals noted, "Significantly, nothing on these forms explains [the Retirement System] or invites the teacher to join. The documents do not even reference other materials that the substitute teacher could consult regarding [the Retirement System]. Rather than *providing* information to the teacher, they *seek* answers from the teacher to payroll-related questions" (*id.*, at 679 [emphasis in original]). The Court further cited the fact that the teacher in question had no prior experience with the Retirement System, a factor which prompted a different result in *Matter of Clark v Board of Educ.* (90 NY2d 662) also decided therewith.

Reliance upon our decision in *Matter of Plasberg v State of New York* (245 AD2d 681), fails to answer the question in issue. The school district in *Matter of Plasberg (supra)* presented evidence that the employee was orally advised of his right to join the Retirement System. Here, the very issue is whether the form letter, absent the enclosures, constituted sufficient advice of such right. I conclude that the uncontroverted facts fail to support the Comptroller's conclusion and I would find that the determination is not based upon substantial evidence and must be annulled.

Adjudged that the determination is confirmed, without costs, and petition dismissed.