■ In the Matter of RICHARD J. DENEVE, Petitioner, v H. CARL McCALL, as State Comptroller, et al., Respondents. [692 NYS2d 795] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for retroactive membership in respondent New York State and Local Employees' Retirement System.

Petitioner was employed as a lecturer and instructor by re-

spondent State University of New York at Oswego (hereinafter SUNY Oswego) from September 1972 until May 1984, when he became an employee of the New York Power Authority and joined respondent New York State and Local Employees' Retirement System. In 1994, petitioner applied for retroactive membership in the Retirement System (see, Retirement and Social Security Law § 803). After an evidentiary hearing, respondent Comptroller denied petitioner's application, concluding that petitioner had participated in a procedure which a reasonable person would recognize as an opportunity to join or formally decline membership in the Retirement System (see, Retirement and Social Security Law § 803 [b] [3] [iii]). Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the Comptroller's determination. We confirm.

This Court has previously held "that an employer who orally advised its employee of his [or her] option to join the Retirement System [provides] a rational basis for denying [an application for] retroactive membership" (Matter of Kelley v Comptroller of State of N. Y., 249 AD2d 751, 752; see, Matter of Plasberg v State of New York, 245 AD2d 681, 682). That proposition obtains here. Petitioner testified that when he was hired by SUNY Oswego in 1972, the chairman of the department in which petitioner was to teach explained that there were three retirement plans from which petitioner could choose: (1) the New York State Teacher's Retirement System, (2) the Retirement System, or (3) the Teachers Insurance and Annuity Association of America/College Retirement Equities Fund (hereinafter TIAA/CREF), which apparently afforded petitioner pension vesting and portability advantages. The documentary evidence discloses that shortly after this meeting, petitioner formally enrolled in the TIAA/CREF plan. Although petitioner faults the employer for not providing him with a more comprehensive explanation of these retirement plans by a "personnel professional", it cannot seriously be disputed that SUNY Oswego informed him that he was eligible to join the Retirement System and that petitioner consciously opted to enroll in another plan. In short, there was substantial evidence to support the Comptroller's determination denying petitioner's application for retroactive membership (see, Matter of Soronen v Comptroller of State of N. Y., 248 AD2d 789, 791).

Cardona, P. J., Mikoll, Crew III and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.