Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the orders are affirmed, with costs.

■ In the Matter of MARGIE FRENCH, Appellant, v BOARD OF EDUCATION FOR THE SOUTH GLENS FALLS CENTRAL SCHOOL DISTRICT et al., Respondents. [706 NYS2d 510] —Crew III, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 22, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Education for the South Glens Falls Central School District denying petitioner's request for retroactive membership in respondent New York State Teachers' Retirement System.

Petitioner initially was hired by the South Glens Falls Central School District in 1974 as a substitute teacher. In 1977, petitioner obtained a full-time teaching position with the Fort Edward Central School District and became a member of respondent New York State Teachers' Retirement System (hereinafter the Retirement System). Petitioner thereafter continued her employment as a full-time teacher with the Argyle Central School District and, at some point not disclosed by the record, applied for retroactive membership in the Retirement System. An administrative hearing ensued in December 1997, at the conclusion of which the Hearing Officer denied petitioner's application for retroactive membership. Respondent Board of Education for the South Glens Falls Central School District subsequently confirmed the Hearing Officer's decision, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to review the Board's determination. Supreme Court dismissed the petition, finding that the Hearing Officer's resolution of certain credibility issues against petitioner was rational and, hence, could not be disturbed. This appeal by petitioner followed.

The issue on appeal essentially distills to whether the Hearing Officer properly concluded that petitioner failed to establish, by substantial evidence, that she did not participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by her to join the Retirement System (see, Retirement and Social Security Law § 803 [b] [3] [iii]). Recognizing that the statute requires applicants such as petitioner to prove a negative (see, *Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 676), the Court of Appeals has held that an applicant's burden in this regard is the "burden of going forward"; in other words, the applicant must tender "some evidence" of his or her entitlement to retroactive eligibility (*id.*, at 677). Although this burden may be discharged by the applicant's assertion, standing alone, that he or she was not informed of his or her right or eligibility to join the Retirement System (see, *id.*, at 675, 677-678), the applicant's credibility on this point certainly may be tested by the employer (see, *id.*, at 677).

Although petitioner indeed testified that she was not advised of her eligibility to join the Retirement System when she initially was hired as a substitute teacher in 1974, the Hearing Officer found her testimony on this point to be inconsistent and, relying upon this Court's prior decision in *Matter of Chupka v Board of Educ.* (240 AD2d 795), found that petitioner did not "[meet] her burden of establishing by substantial evidence that she did not participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system". Based upon our review of petitioner's testimony, we cannot say that the Hearing Officer's finding in this regard was unsupported by the record.

To be sure, a Hearing Officer cannot resolve a credibility issue against a party based upon mere whim or caprice; discounting sworn testimony requires something more than unsubstantiated disbelief. Where, however, the testimony offered by a party is, for example, vague, equivocal, incomplete or inconsistent (see, *Matter of Tompkins v Board of Educ.*, 245 AD2d 522, 523, *lv denied* 92 NY2d 801; *Matter of Chupka v Board of Educ.*, *supra*, at 796-797), the Hearing Officer has a permissible basis in the record for discrediting the testimony at issue. As the record reflects that petitioner's testimony regarding the initial application process indeed was inconsistent, we cannot say that the Hearing Officer irrationally resolved this credibility issue against her. Having concluded that the Hearing Officer appropriately found that petitioner failed to meet her initial

burden on her application, we need not address the sufficiency of the proof adduced by the school district. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.