■ In the Matter of JANIS L. DeROCKER, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [717 NYS2d 419] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for retroactive membership in the New York State and Local Employees' Retirement System.

Petitioner, a registered nurse, began working for Oneida City Hospital in Madison County in June 1973 and joined the New York State and Local Employees' Retirement System in December 1973. Thereafter, in February 1996, petitioner applied for retroactive membership in the Retirement System seeking membership back to her June 1973 employment with Oneida. Such request, if granted, would have placed petitioner in tier 1 of the Retirement System instead of tier 2. Petitioner's application was denied, however, based upon a finding that her employment with Oneida was not the first employment in which she became eligible for membership in the Retirement System. Specifically, petitioner was informed that her position as a student nurse at Marcy State Hospital between August 27, 1970 and August 31, 1971, for which she received a biweekly stipend, constituted her first eligible employment. Following an unsuccessful administrative hearing, petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the determination denying her application for retroactive membership.

Based upon our review of the record as a whole, we cannot say that respondent's determination is not supported by substantial evidence. Pursuant to Retirement and Social Security Law § 803 (b) (3), petitioner could only file for retroactive membership in connection with the employment during which she first became eligible to join the Retirement System. Although petitioner disputes that Marcy was her first "employer," respondent's interpretation of the statute, if rational, must be

upheld (*see generally*, *Matter of Riley v Regan*, 192 AD2d 905, 906).

Here, a Retirement System supervisor testified that petitioner was on Marcy's payroll during the relevant time period and, further, that any individual on the payroll of a State agency is eligible to join the Retirement System. Although petitioner denied being employed by and receiving "wages" from Marcy, she acknowledged receiving a stipend and participating in supervised direct patient care on the hospital floor during the relevant time period. Under such circumstances, we cannot say that respondent's determination is not supported by the record, notwithstanding the existence of other evidence in the record that could support a contrary determination (*see generally*, *Matter of Kesick v New York State & Local Employees' Retirement Sys.*, 257 AD2d 831). Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.