■ In the Matter of VINCENT B. GEORGE, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [727 NYS2d 756] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for retroactive membership in respondent New York State and Local Retirement Systems.

Retirement and Social Security Law § 803 (b) (3) provides that a member of a public retirement system, who was eligible for membership prior to the date the member actually joined, may be given retroactive membership where, as pertinent here, a member did not: "(i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system in which a form, booklet or other written material is read from, explained or distributed, such form, booklet or written material can be produced and documentation or a notation to the effect that he or she so participated exists; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system."

Petitioner served in the part-time positions of Councilman of respondent Town of Java in respondent Wyoming County in 1966 and 1967 and Town Supervisor commencing January 1, 1968. In this latter position, he also served as a member of the County Board of Supervisors, also a part-time position. In 1995, petitioner applied for retroactive membership in respondent New York State and Local Retirement Systems (hereinafter the Retirement System). Petitioner's application was ultimately denied by respondent Comptroller after a hearing and this proceeding ensued.

Petitioner met his initial burden of proving by substantial evidence his entitlement to retroactive membership by asserting that he was never given information regarding his eligibility until 1976 and, until that time, believed that his part-time employment status made him ineligible to join (*see, Matter of*

*Sadoff v Ithaca City School Dist.*, 246 AD2d 861, 862, *lv denied* 92 NY2d 805). Respondents, however, established that a rational basis for the denial of petitioner's application for retroactive membership exists and, therefore, the Comptroller's determination must be upheld (*see, id.*, at 862).

Although Retirement and Social Security Law § 803 is remedial (*see, Matter of Gizzi v New York State Off. of Gen. Servs.*, 257 AD2d 815, 817), it does not extend eligibility to members whose failure to join when originally eligible is attributable to their own negligence (*see*, Executive Dept Mem, 1993 McKinney's Session Laws of NY, at 2896; *see also, Matter of Kelley v Comptroller of State of N. Y.*, 249 AD2d 751, 753). As Town Supervisor, petitioner participated in the adoption of a resolution in November 1968 by which the Town "elects to participate as an employer in the New York State Employees' Retirement System and approves of the inclusion of its officers and employees in such System." In 1973, as chair of the Officers Committee of the County Board of Supervisors, petitioner introduced a resolution electing a particular retirement option under the Retirement and Social Security Law for the County. This evidence provides a rational basis for the Comptroller's conclusion that petitioner participated in a "procedure that a reasonable person would recognize as an explanation or request requiring a formal decision by him or her to join a public retirement system" (Retirement and Social Security Law § 803 [b] [3] [iii]).

Next, we address petitioner's argument that he was denied due process because the Hearing Officer granted an adjournment and improperly expanded the record by allowing documents into evidence which were not disclosed prior to the hearing. The adjournment was granted, after petitioner had testified, because the Town initially elected to proceed without counsel, but then sought the adjournment so its attorney could be present at the hearing. We find no merit in petitioner's argument that the adjournment violated 2 NYCRR 317.5 as this rule governs requests for adjournments made by *applicants* prior to the hearing. Moreover, petitioner received a full evidentiary hearing at which he called two witnesses and submitted documentary evidence. Petitioner's claim of improper expansion of the record is based on the introduction of the minutes of the Town Board meeting where the resolution to participate in the Retirement System was adopted. While, as a technical matter, the minutes were not disclosed prehearing, petitioner had already testified to the events memorialized therein. Consequently, there was no surprise and the "funda-

mentals of a fair hearing [were] not violated" (*Matter of Di Rienz v Constantine*, 151 AD2d 953, 955). Thus, petitioner was not denied due process and any evidentiary error was harmless.

Lastly, we find no merit in petitioner's claim that a similarly situated member was granted retroactive membership in Tier I. This argument is based on the testimony of James Foley, the former Supervisor of the Town of Bennington, Wyoming County. His testimony established that his township was already participating in the Retirement System when he took office on January 1, 1970. He further testified that, as of 1975, he and petitioner were the only Supervisors in the County who were not members of the Retirement System. He stated that they submitted their applications at the same time and that he was granted retroactive membership as a Tier I member to 1970. This testimony reveals that Foley was not a similarly situated individual since he was not involved in the adoption or implementation of resolutions opting to participate in the Retirement System (*see, Matter of Candrea v Board of Educ.*, 236 AD2d 536, 538).

Thus analyzed, we conclude that the determination of the Comptroller denying petitioner's application for retroactive membership in the Retirement System is supported by substantial evidence (*see, Matter of Deneve v McCall*, 263 AD2d 596, 597).

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.