■ In the Matter of JAMES L. DUVAL, Petitioner, v STUART STEINER, as President of Genesee Community College, et al., Respondents. [727 NYS2d 564] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for retroactive membership in the New York State and Local Employees' Retirement System.

Petitioner was hired by Genesee Community College (hereinafter GCC) on January 6, 1976 for part-time employment. His supervisor informed him that he was eligible to join the New York State and Local Employees' Retirement System (hereinafter NYSERS) and he completed and signed a form entitled "Retirement System Information" that same day indicating his desire to do so by checking the line next to the sentence which read, "I desire to file a membership application to the NYSERS." Petitioner never received an application for membership in his GCC mailbox or by any other means. On March 5, 1976, in connection with other employment with GCC, petitioner completed and signed another form entitled "Retire-

ment System Information," again checking the box next to the sentence, "I wish to apply for membership in NYSERS." He did not complete the section of the form for those currently a member of the NYSERS. This form indicated that application could be made through forms available at the personnel office. Petitioner did not complete a membership application and join the NYSERS until January 1977, six months after the Legislature changed the public employee retirement law to require contributions to the cost of retirement by new members.

In October 1996, petitioner timely applied for retroactive membership in the NYSERS pursuant to Retirement and Social Security Law § 803, seeking membership as of January 6, 1976. NYSERS denied his application and that denial was upheld by an Administrative Review Board. After an administrative hearing in 1999 (*see,* Retirement and Social Security Law § 74), the Hearing Officer determined that petitioner's application should be disapproved. Thereafter, respondent Comptroller denied petitioner's application and petitioner then timely commenced this CPLR article 78 proceeding.

NYSERS members are entitled to join a public retirement system prior to their actual date of membership where the applicant can show, by substantial evidence (*see, Matter of Kelley v Comptroller of State of N. Y.,* 249 AD2d 751, 752), that he or she did not " '(i) expressly decline membership in a form filed with the employer; (ii) participate in a procedure explaining the option to join the system * * * and documentation or a notation to the effect that he or she so participated exists; or (iii) participate in a procedure that a reasonable person would recognize as an explanation or request requiring a formal decision * * * to join a public retirement system' " (*Matter of Gizzi v New York State Off. of Gen. Servs.,* 257 AD2d 815, 816-817, quoting Retirement and Social Security Law § 803 [b] [3]). Tellingly, however, this statute was not enacted to save members who failed to join the NYSERS when first eligible due to their own negligence or improvidence (*see,* Governor's Mem approving L 1993, ch 437, 1993 McKinney's Session Laws of NY, at 2896).

Our review of the record reveals substantial evidence to support the determination of the Comptroller "that [petitioner] at or about the commencement of his employment was distributed written material informing him of his opportunity to join the [NYSERS]." Petitioner does not dispute that in January 1976 and again in March 1976, GCC provided him with a form entitled "Retirement System Information" which, on each occasion, he completed and signed indicating his desire to join the

NYSERS. As a consequence, petitioner cannot prove that he did not participate in a procedure described in clauses (ii) or (iii) of the statute by the requisite substantial evidence (*see,* Retirement and Social Security Law § 803 [b] [3]; *Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662, 675-677) and, therefore, the burden never shifts to respondents to show that the Comptroller's determination denying his application is supported by substantial evidence (*contra, Matter of De Rocker v McCall,* 278 AD2d 561).

Petitioner argues that the procedure followed by GCC was unreasonable and that GCC erred by not following through and seeing to it that he was furnished an application for membership. We disagree. The forms signed by petitioner were each entitled "Retirement System Information," and gave no indication that they were an application to join the NYSERS. The form that he signed in March 1976 clearly stated additional steps and/or forms were necessary to enable him to join the NYSERS. Further, petitioner's actions evinced his awareness that he had not joined the NYSERS in January 1976, as on his March 1976 form he completed the section of the form indicating that he wished to join the NYSERS, not the section indicating that he was already a member thereof. We also note that petitioner made no showing of his inability to follow through with the personnel office regarding his desire to join the NYSERS nor advanced any other reason for his failure to properly complete an application. In our view, a reasonable person reviewing the "Retirement System Information" forms signed by petitioner would clearly be alerted to the fact that additional steps were necessary to complete that application process (*see, Matter of Kelley v Comptroller of State of N. Y.,* 249 AD2d 751, 752, *supra*).

Additionally, while remedial statutes generally are to be construed broadly (*see, e.g., Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 24), here petitioner himself failed to follow through and complete the application process, and we find no additional burden should be placed on respondents who, on this record, performed their statutorily enjoined duties regarding petitioner's retirement benefits. Therefore, based on the entire record, we find the Comptroller's determination was supported by substantial evidence and should be confirmed.

For the same reasons, we find a rational basis for the Comptroller's determination and reject petitioner's claim that it was arbitrary or capricious (*see, Matter of Scanlan v Buffalo Pub. School Sys.,* 90 NY2d 662, 678, *supra; compare, Matter of Malchow v Board of Educ.,* 254 AD2d 608).

Lastly, we have reviewed petitioner's remaining arguments and find them to be without merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.