■ In the Matter of AMY BOBROW, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [741 NYS2d 313] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for retroactive membership in the New York State and Local Employees' Retirement System.

Petitioner began her employment with the Department of Labor in a temporary position in January 1976. Despite being eligible to join the New York State and Local Employees' Retirement System at that time, she did not do so. In January 1977, she was appointed to a permanent position, as a result of which she was required to join the Retirement System. In May 1994, petitioner filed an application for retroactive membership in the Retirement System pursuant to Retirement and Social Security Law § 803, seeking to have her membership effective when she first began work in January 1976. Petitioner's application contains a statement in which she asserted that she neither expressly declined membership on a form provided by the employer nor participated in a procedure in which her eligibility to join the Retirement System was explained. After a hearing, respondent denied the application in a determination which petitioner challenges in this CPLR article 78 proceeding.

Although the statement contained in petitioner's application may be considered in determining whether she met her initial burden under the statute, her credibility on this issue may be tested (see, Matter of French v Board of Educ. for S. Glens Falls Cent. School Dist., 271 AD2d 914). In this case, petitioner's testimony and other evidence adduced at the hearing establish that, in fact, petitioner signed a form in January 1976 in which she expressly declined membership in the Retirement System and that she also participated in a procedure during which her eligibility to join the Retirement System was

explained. Petitioner contends that because she has a history of compromised vision and was registered with the Commission for the Blind and Visually Handicapped as legally blind in 1985, her application for retroactive benefits could not be denied. Her own testimony, however, clearly demonstrated that her vision problem did not prevent her from understanding in January 1976 that she was eligible to join the Retirement System and that she elected not to do so in order to avoid deductions from her paycheck. Accordingly, respondent's determination denying petitioner's application is supported by substantial evidence and will not be disturbed (*see, Matter of Deneve v McCall*, 263 AD2d 596; *Matter of Regan v Board of Educ. for Massena Cent. School Dist.*, 260 AD2d 846). Petitioner's remaining arguments are either not preserved for our review or without merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.